

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0354-12

### THE STATE OF TEXAS

v.

### CARL ALAN BENNETT, Appellee

## ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIFTH COURT OF APPEALS
## DALLAS COUNTY

KEASLER, J., delivered the opinion of the Court, in which KELLER, P.J., JOHNSON, HERVEY, COCHRAN, and ALCALA, JJ., joined. KELLER, P.J., filed a concurring opinion, in which PRICE, J., joined as to Part I. JOHNSON, J., filed a concurring opinion. COCHRAN, J., filed a concurring opinion. MEYERS, J., filed a dissenting opinion. PRICE, J., filed a dissenting opinion. WOMACK, J., concurred.

## OPINION

In his motion for new trial, Carl Bennett alleged that he received ineffective assistance of counsel. The trial judge agreed and granted him a new trial. The court of appeals reversed and found that trial counsel was not ineffective for failing to challenge Bennett's indictment on statute-of-limitations grounds because the legal basis of such a challenge was unsettled.



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0354-12

### THE STATE OF TEXAS

v.

### CARL ALAN BENNETT, Appellee

## ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIFTH COURT OF APPEALS DALLAS COUNTY

KEASLER, J., delivered the opinion of the Court, in which KELLER, P.J., JOHNSON, HERVEY, COCHRAN, and ALCALA, JJ., joined. KELLER, P.J., filed a concurring opinion, in which PRICE, J., joined as to Part I. JOHNSON, J., filed a concurring opinion. COCHRAN, J., filed a concurring opinion. MEYERS, J., filed a dissenting opinion. PRICE, J., filed a dissenting opinion. WOMACK, J., concurred.

## OPINION

In his motion for new trial, Carl Bennett alleged that he received ineffective assistance

of counsel. The trial judge agreed and granted him a new trial. The court of appeals reversed

and found that trial counsel was not ineffective for failing to challenge Bennett's indictment

on statute-of-limitations grounds because the legal basis of such a challenge was unsettled.

We agree and affirm the court of appeals' judgment.

On December 1, 2009, Bennett was indicted for aggravated assault allegedly occurring on June 5, 2007. After being found guilty, Bennett filed a motion for new trial alleging ineffective assistance of counsel. Bennett claimed that the statute of limitations for aggravated assault was two years, and therefore counsel's failure to challenge the indictment on that basis deprived him of ineffective assistance of counsel. Bennett supplemented his motion for new trial with his trial counsel's affidavit, in which he claimed that he did not challenge the indictment on that basis because, based on his review of Texas Code of Criminal Procedure article 12.01(6),[1] he believed that the statute of limitations was three years. The judge granted Bennett a new trial, stating that while he would have denied such a challenge because superior courts have held the statute of limitations to be three years, counsel should have nonetheless preserved the issue for appeal. The State appealed.

Because the statute of limitations is controlled by statute, the preliminary issue in the court of appeals was determining which statute applied. Article 12.01's catch-all provision provides that all felonies not specifically listed have a three-year statute of limitations, where as article 12.03(d) states "[e]xcept as otherwise provided by this chapter, any offense that bears the title 'aggravated' shall carry the same limitations period as the primary crime." In this case, under article 12.01's catch-all provision the statute of limitations for aggravated

---

[1] TEX. CODE CRIM. PRO. art. 12.01(6) (West 2006) (providing a statute of limitations of "three years from the date of the commission of the offense: all other felonies.") (currently TEX. CODE CRIM. PRO. art. 12.01(7) (West 2012)).

assault would be three years; under article 12.03(d) it would be two.[2] In its analysis, the court of appeals discovered that we have not spoken with one voice on the matter.[3] The court noted that in *Hunter v. State*[4] we stated, in dicta and without citation to either statute, that the statute of limitations for aggravated assault was three years.[5] In *Ex parte Salas*—again in dicta, but with citations to both statutes—we stated that the limitations period "has long been three years."[6] In *Ex parte Matthews*, we cited to article 12.03(d) in finding that the statute of limitation applicable to aggravated perjury is two years because that is the statute of limitations applicable to perjury, the primary crime.[7] The court of appeals read *Hunter* and *Salas* as holding the statute of limitations for aggravated assault is three years.[8] Acknowledging Bennett's claim that *Matthews* implicitly overruled the previous cases, it found that the law is unsettled and therefore counsel could not be found ineffective for not

[2] *Id.* art. 12.02 (West 2012) (providing a two-year statute of limitations for misdemeanors); TEX. PENAL CODE § 22.01(b).

[3] *See State v. Bennett*, No. 05-11-00252-CR, 2012 WL 11181, *2-3 (Tex. App.—Dallas Jan. 4, 2012) (mem. op, not designated for publication).

[4] 576 S.W.2d 395, 399 (Tex. Crim. App. 1979).

[5] *Bennett*, 2012 WL 11181, at *2.

[6] *Ex parte Salas*, 724 S.W.2d 67, 68 (Tex. Crim. App. 1987).

[7] *Ex parte Matthews*, 933 S.W.2d 134, 136 (Tex. Crim. App. 1996), *overruled on other grounds by Proctor v. State*, 967 S.W.2d 840 (Tex. Crim. App. 1998).

[8] *Bennett*, 2012 WL 11181, at *3.

asserting the statute-of-limitations challenge.[9] The court of appeals concluded that "the trial court did not have discretion to grant a new trial based on failure to preserve that claim for appellate purposes."[10]

To prevail on this claim, Bennett must show that trial counsel's performance was deficient and this deficient performance prejudiced him.[11] However, we have repeatedly declined to find counsel ineffective for failing to take a specific action on an unsettled issue.[12] Like the court of appeals, we find that the particular statute-of-limitations question presented here is unsettled. At the time of Bennett's trial, *Salas* and *Hunter*—despite the lack of substantive analysis or necessity to address the issue—supported counsel's belief that the statute of limitations was three years. That *Matthews* may be inconsistent with our previous cases' statements on the applicable statute-of-limitations period further supports the conclusion that this is an unsettled issue. Our conclusion that the law is unsettled disposes of Bennett's ineffective-assistance-of-counsel claim and precludes an opportunity to resolve

---

[9] *Id.* at * 3 (citing *Ex parte Chandler*, 182 S.W.3d 350 (Tex. Crim. App. 2005)).

[10] *Id.* at * 4.

[11] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[12] *See, e.g., Ex parte Smith*, 296 S.W.3d 78, 81 (Tex. Crim. App. 2009); *Ex parte Roemer*, 215 S.W.3d 887, 894 (Tex. Crim. App. 2007); *Ex parte Bahena*, 195 S.W.3d 704, 707 (Tex. Crim. App. 2006); *Ex parte Chandler*, 182 S.W.3d 350, 358-59 (Tex. Crim. App. 2005).

the underlying statute-of-limitations issue.[13]

The court of appeals' judgment is affirmed.

DELIVERED: November 27, 2013

PUBLISH

---

[13] *See Chandler*, 182 S.W.3d at 358-59 ("[L]egal advice which only later proves to be incorrect does not normally fall below the objective standard of reasonableness under *Strickland*.").



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. PD-0354-12

### THE STATE OF TEXAS

v.

### CARL ALAN BENNETT, Appellee

## ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIFTH COURT OF APPEALS DALLAS COUNTY

**KELLER, P.J., filed a concurring opinion in which PRICE, J., joined as to part I.**

I agree with the Court that, because the law was unsettled, counsel was not ineffective for failing to raise a limitation claim. I write separately to explain why the applicable period of limitation for the aggravated assault charged in this case was two years.

### I. LIMITATIONS

#### A. The Statutes

The difficulty in determining the statute of limitations in this case results from the fact that each of the two possibly applicable limitation statutes (Article 12.01 and Article 12.03) excepts from

its scope any offenses controlled by the other statute. Article 12.01 says , "Except as provided in Article 12.03, felony indictments may be presented within these limits, and not afterward."[1] It then provides a list of felony offenses and their applicable limitation periods.[2] Aggravated assault appears nowhere on the list,[3] but the list contains a catch-all provision that says "three years from the date of the commission of the offense: all other felonies."[4] Unless excepted under Article 12.03, then, aggravated assault would clearly fall within the catch-all provision and have a limitation period of three years.

Article 12.03 says, "Except as otherwise provided by this chapter, any offense that bears the title 'aggravated' shall carry the same limitation period as the primary crime."[5] The primary crime for aggravated assault is assault.[6] Although assault can sometimes be a felony,[7] the underlying assault in this case is a Class A misdemeanor.[8] Under Article 12.02, the limitation period for a Class A misdemeanor is two years.[9] If aggravated assault has the same limitation period as the underlying assault, then the limitation period is two years, unless some other provision in Chapter

---

[1] TEX. CODE CRIM. PROC. art. 12.01.

[2] *Id.*

[3] *Id., passim.*

[4] *Id.* art. 12.01(7).

[5] *Id.* art. 12.03(d).

[6] *See* TEX. PENAL CODE § 22.02(a) ("A person commits an offense if the person commits assault as defined in § 22.01 and . . . .")

[7] *See id.* § 22.01(b), (b-1).

[8] *See id.* § 22.01(a)(1), (b).

[9] TEX. CODE CRIM. PROC. art. 12.02(a).

12 creates an exception.

To summarize, if the "catch-all" provision in Article 12.01 controls, then the limitation period is three years, but if the "same for aggravated as for primary crime" provision in Article 12.03 controls, then the limitation period is two years. Which provision controls depends in part upon how each of the "except" clauses operates. Although resolving this issue appears at first to be a complicated matter, it really is not. As I shall show below, both the legislative history of Article 12.03(d) and simple logic lead to the conclusion that the limitation period in this case is two years.

### B. The Cases - *Dicta* Goes Both Ways

In the 1979 case of *Hunter v. State*, the defendant claimed that the indictment was defective because it alleged in the disjunctive that he intentionally or knowingly committed the offense rather than alleging it in the conjunctive.[10] In what was clearly an aside, the Court said that the use of the disjunctive word "or" was far less misleading than an "on or about" allegation, but that "on or about" allegations were routinely upheld.[11] During that off-topic discussion, the Court mentioned that the statute of limitations for the offense of aggravated assault was "a period of three years."[12] The Court gave no citation for that proposition.[13] This discussion, which was clearly *dictum* and unsupported by any authority, has no precedential value.

Eight years later, in *Salas v. State*, the issue before the Court was whether there was any evidence that the defendant's first prior felony conviction became final before the commission of the

---

[10] 576 S.W.2d 395, 396 (Tex. Crim. App. 1979).

[11] *Id.*

[12] *Id.* at 399.

[13] *Id.*

offense in the second prior felony conviction, so as to satisfy the habitual-offender allegation in the indictment.[14] The first prior conviction was final on January 15, 1971.[15] The defendant was indicted on May 6, 1975, for the aggravated assault that resulted in his second felony conviction.[16] The Court used a three-year limitation period to determine that the earliest possible date the second crime could have been committed was May 6, 1972, making the defendant subject to the habitual-offender provision.[17] In connection with the limitations discussion, the Court simply said, "The statute of limitations for aggravated assault has long been three years."[18] In support of this proposition, the Court cited the catch-all provision in Article 12.01, Article 12.03(d), the assault statute (Penal Code § 22.01), and former Penal Code Article 1147, the aggravated assault statute that existed before 1974.[19]

The discussion of limitation periods in *Salas* is problematic on a number of levels. It did not matter whether the limitation period for aggravated assault was two or three years: a limitation period of two years would also have satisfied the habitual-offender allegations.[20] But more to the point,

---

[14]  724 S.W.2d 67, 67 (Tex. Crim. App. 1987).

[15]  *Id.* at 68.

[16]  *Id.*

[17]  *Id.*

[18]  *Id.*

[19]  *Id.*

[20]  Nor did the Court need to count back three years. The indictment specified an offense date of April 27, 1975, *see id.*, and aggravated assault was not a felony until January 1, 1974, with the advent of the modern Penal Code. *See* TEX. PENAL CODE, art. 1148 (Vernon's Supp. 1950) (maximum punishment of two years in jail); TEX. PENAL CODE, art. 47 (Vernon's 1948) ("An offense which may—not must—be punishable by death or by confinement in the penitentiary is a felony; every other offense is a misdemeanor.").

although the *Salas* court cited the relevant statutes, it did not explain how they gave rise to its conclusion that the limitation period was three years.[21] So, the discussion in *Salas* was also *dictum* and has no precedential value.

Next came *Ex parte Matthews*, in which the issue was whether the statute of limitations was tolled by the defendant's absence from the State.[22] The defendant had previously testified as an out-of-state witness in a capital murder trial on June 12, 1981, and she left the state after she testified.[23] Around February or March of 1990, the State discovered facts that led to the defendant being indicted on January 8, 1991, for aggravated perjury.[24] The State sought to rely upon a tolling provision that provided that "[t]he time during which a person is accused of an offense and is absent from the State shall not be computed in the period of limitation."[25] This Court held that the tolling provision operated only when the State had some sort of formal accusation pending, so the limitation period was not tolled.[26]

During this discussion, the Court stated that the period of limitations for aggravated perjury was two years because an offense titled "aggravated" carries the same limitation as the primary crime under Article 12.03(d).[27] The Court did not discuss the catch-all provision in Article 12.01 or the

---

[21] *Salas, passim.*

[22] 933 S.W.2d 134, 135 (Tex. Crim. App. 1996), *overruled on other grounds by Proctor v. State*, 967 S.W.2d 840 (Tex. Crim. App. 1998).

[23] *Id.*

[24] *Id.*

[25] *Id.* at 137.

[26] *Id.* at 138.

[27] *Id.* at 136.

pronouncements made in *Hunter* and *Salas* in connection with the offense of aggravated assault.[28]

In any event, the conclusion that the limitation period was two years was not necessary to the Court's

holding. Because the State did not discover the perjury for more than eight years, it mattered not

whether the limitation period was two years or three years. Thus, the discussion of the applicable

limitation period in *Matthews* was also *dictum* and has no precedential value.

Because all of our prior caselaw is *dicta*, we are essentially operating on a clean slate.

### C. Before 1997

We must construe a statute in accordance with the plain meaning of its language unless the

language is ambiguous or the plain meaning would lead to absurd results that the legislature could

not have possibly intended.[29] In conducting this inquiry, we presume that the legislature intended

the entire statutory scheme to be effective.[30] Most of the relevant statutory scheme was in place

before 1997, but the "[e]xcept as otherwise provided" clause found in Article 12.03(d) was the result

of a 1997 amendment.[31] It is useful to set aside, for the moment, the 1997 amendment and assess

the meaning of the statutory language that was in place prior to 1997. I will then look at whether the

1997 amendment changes anything.

As noted above, article 12.01 begins by saying that it prescribes the time limits "[e]xcept as

provided in Article 12.03." This language suggests that the provisions of Article 12.03 trump any

provisions found in Article 12.01. The point at which the provisions of Article 12.01 and 12.03

---

[28] *Id., passim.*

[29] *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

[30] *Bays v. State*, 396 S.W.3d 580, 584 (Tex. Crim. App. 2013).

[31] *See* Acts 1997, 75th Leg., ch. 740, § 2.

appear to be in conflict is with respect to Article 12.01's three-year catch-all provision. The import of this language, then, is that the catch-all provision applies to unlisted felonies unless the felony is covered by the provisions of Article 12.03. Because aggravated assault is an "aggravated" offense, the plain language of the statute, at least prior to 1997, seems to dictate that Article 12.03(d) applies rather than the three-year catch-all provision.

It might be argued that the "[e]xcept as provided in Article 12.03" phrase means that the provisions of Article 12.03 could *lengthen* the limitation period beyond the period in the catch-all provision but not *shorten* it. That is, Article 12.03 could, arguably, be construed as permitting periods of limitation of longer than three years but not shorter, so that the catch-all provision would provide a minimum limitation period of three years for felonies.[32] That would be consistent with the fact that the catch-all provision currently prescribes the shortest limitation period in Article 12.01. This may be what the *Salas* court assumed when it cited both to the catch-all provision and to article 12.03(d).

But even if the language of Article 12.01 could conceivably be read that way, it is not the most natural reading. And such a reading is inconsistent with the apparently absolute language (at least before 1997) of Article 12.03. Article 12.03(d) simply said that an aggravated offense carries the same limitation period as the primary crime; it did not (and does not) say that it carries *at least* the same limitation period.

Moreover, reading the "except as provided in Article 12.03" phrase to only lengthen limitation periods makes sense only if the three-year catch-all provision is thought to set a minimum

---

[32] Judge Cochran's concurrence does in fact assume that the intent of the Legislature in enacting Article 12.01(7) was that "all felonies have, at a minimum, a three-year statute of limitations[.]"

limitation period of three years for felonies. But when Chapter 12 was reshaped in 1973 in what is now the current limitations framework, Article 12.01 included in its list of limitation periods for specific offenses a one-year limitation period for felony sex offenses.[33] Though that provision was removed two years later,[34] its presence negates the idea that the legislature thought it was setting a minimum three-year limitation period for felonies.

Finally, the idea that Article 12.03 could only lengthen the period of limitation runs aground when one considers what offenses were actually covered by Article 12.03(d). The reshaping of Chapter 12 and the enactment of the 1974 Penal Code occurred at the same time in the same legislation.[35] When that occurs, we generally assume that lawmakers are aware of how the various provisions will work together.[36] In enacting the 1974 Penal Code, the legislature created at least five, and possibly six, pairs of primary and aggravated offenses: (1) kidnapping and aggravated kidnapping,[37] (2) rape and aggravated rape,[38] (3) assault and aggravated assault,[39] (4) robbery and

---

[33] *See* TEX. CODE CRIM. PROC. ANN. art. 12.01, historical note (Vernon's 1977) (referring to 1975 amendment).

[34] *See id.* (text and historical note).

[35] *See* Acts 1973, 63rd Leg., ch. 399, § 1 (penal code), § 2(B) (Chapter 12), eff. January 1, 1974.

[36] *Tapps v. State*, 294 S.W.3d 175, 179 (Tex. Crim. App. 2009).

[37] TEX. PENAL CODE ANN. §§ 20.03, 20.04 (Vernon's 1974).

[38] *Id.* §§ 21.02, 21.03.

[39] *Id.* §§ 22.01, 22.02.

aggravated robbery,[40] (5) perjury and aggravated perjury,[41] and (possibly) (6) promotion of prostitution and aggravated promotion of prostitution.[42]

If Article 12.03(d) were designed only to *lengthen* limitation periods beyond that prescribed by the catch-all provision, then one would expect such an effect to be the norm with respect to the aggravated offenses that the legislature had enacted. But of the six aggravated offenses identified, only one is an example in which 12.03(d) lengthens the limitation period: aggravated robbery. Robbery was (and still is) subject to a five-year limitation period,[43] but aggravated robbery was not (and still is not) found in the list of offenses contained in Article 12.01. So Article 12.03(d) ensured that aggravated robbery would carry the five-year limitation period that attaches to robbery instead of the three-year limitation period found in the catch-all provision.

But at the time the scheme was first enacted, none of the other aggravated offenses could be affected that way. Kidnapping and aggravated kidnapping were both felonies[44] that were not included in the list when Article 12.01 was revamped in 1973,[45] and thus, they were *both* subject to the three-year catch-all provision. Rape and aggravated rape were explicitly made subject to a one-

---

[40] *Id.* §§ 29.02, 29.03.

[41] *Id.* §§ 37.02, 37.03.

[42] *Id.* §§ 43.03, 43.04. Though titled "aggravated" in conformity with the requirements of Article 12.03(d), the aggravated promotion of prostitution does not explicitly incorporate the crime of promotion of prostitution by its Penal Code section. I express no opinion on whether this offense pair falls within the ambit of Article 12.03(d).

[43] *See* TEX. CODE CRIM. PROC. art. 12.01(3)(A) (Vernon's 1977). *See also* TEX.CODE CRIM. PROC. art. 12.01(4)(A) (current).

[44] *See* TEX. PENAL CODE §§ 20.03(c), 20.04(b) (Vernon's 1974).

[45] *See* TEX.CODE CRIM. PROC. art. 12.01, *passim* (Vernon's 1977).

year limitation period.[46] When this one-year limitation period was removed in 1975, the legislature did not replace it with anything, effectively relegating both of those felony offenses,[47] as in the case of the kidnapping offenses, to the three-year catch-all provision.

The remaining three aggravated offenses—aggravated assault, aggravated perjury, and aggravated promotion of prostitution—all straddled the misdemeanor-felony divide with their lesser counterparts. When first enacted in 1973, assault was just a misdemeanor.[48] Aggravated assault was a third-degree felony at the time.[49] Perjury was a Class A misdemeanor while aggravated perjury was a third-degree felony,[50] and the same was true, respectively, for promotion of prostitution and aggravated promotion of prostitution.[51]

If we construe the statutory limitation scheme to assign aggravated versions of these offenses the two-year limitation period that attaches to their misdemeanor counterparts, then Article 12.03(d) operates with meaningful effect with respect to at least half of the five or six aggravated offenses at issue (i.e. meaningful effect given in the context of aggravated robbery, aggravated assault, aggravated perjury, and (possibly) aggravated promotion of prostitution). By contrast, if we construe the statutory limitation scheme to assign the aggravated versions of these offenses the three-year

---

[46] *See id.*, historical note (referring to deleted subd. (4), which had read: "one year from the date of the commission of the offense: any felony in Penal Code Chapter 21 (Sexual Offenses)").

[47] *See* TEX PENAL CODE §§ 21.02(c), 21.03(b) (Vernon's 1974).

[48] *Id.* § 22.01(b).

[49] *Id.* § 22.02(c).

[50] *Id.* §§ 37.02(b), 37.03(b).

[51] *Id.* §§ 43.03(b), 43.04(b).

limitation period found in the catch-all provision, then we relegate the meaningful effect of 12.03(d) to only one aggravated offense out of the five or six at issue (i.e. meaningful effect given only in the context of aggravated robbery). Given the relatively large proportion of aggravated offenses that straddled the misdemeanor-felony divide with their lesser counterparts, the latter construction makes little sense.

## D. After 1997

In 1997, with HB 921, the legislature added aggravated sexual assault of a child to the listed offenses found in Article 12.01, as follows:

(5) ten years from the 18th birthday of the victim of the offense:

* * *

(C) aggravated sexual assault under Section 22.021(a)(1)(B), Penal Code;[52]

With the same bill, the legislature added to Article 12.03(d) the phrase "Except as otherwise provided by this chapter."[53] The bill analysis for HB 921 explains the purpose of this change as follows, "Amends Article 12.03(d), Code of Criminal Procedure, by making a conforming change."[54] The conforming change was necessary because limitations for sexual assault was, at the time, five years.[55] Absent the "except" phrase, the new, explicit ten-year limitation period in Article 12.01(5)(C) would conflict with Article 12.03(d)'s old "same for aggravated as for primary crime"

---

[52] Acts 1997, 75th Leg., ch. 740, § 1.

[53] Id., § 2.

[54] Bill Analysis, House Comm. on Criminal Jurisprudence, H.B. 921, § 2 (April 9, 1997), *See also* Bill Analysis, Senate Research Center, H.B. 921, § 2 (May 17, 1997).

[55] TEX. CODE CRIM. PROC. art. 12.01(4)(C) (West 1996, 1998).

provision. The express purpose of adding the "except" phrase to Article 12.03(d) was to give effect to the explicit ten-years-from-eighteenth-birthday limitation period for aggravated sexual assault of a child in Article 12.01.

Since then, the Legislature has added a second aggravated offense to the listed offenses in Article 12.01: aggravated kidnapping with the intent to violate or abuse the victim sexually. The current version of Article 12.01 therefore explicitly lists the limitation status of two "aggravated" offenses.[56] Because the status of these two "aggravated" offenses are explicitly listed in Article 12.01, they are excepted from the operation of Article 12.03(d).

But aggravated assault is not explicitly listed in Article 12.01. The only way aggravated assault could fall within the exception to Article 12.03(d) and by that means escape the "same for aggravated as for primary crime" provision is if it were included in the catch-all provision for unlisted felonies. That is, the "same for aggravated as for primary crime" provision would apply unless the three-year catch-all phrase, by virtue of being another provision in the chapter, trumps it. But, as explained above, the legislature's express purpose in adding the "except" clause to Article 12.03(d) was to resolve the conflict between the new ten-year-from-18th-birthday limitation provisions that had been added to Article 12.01 in the same bill and the old "same for aggravated as for primary crime" limitation provision. Article 12.03(d)'s "except" clause was designed specifically to apply to *listed* offenses.

It is, further, plainly illogical to conclude that the exception applies to the offenses that fall within the three-year catch-all provision. Construing the three-year catch-all provision to supersede

---

[56] *See* TEX. CODE CRIM. PROC. art. 12.01(1)(B) (no limitation), (5)(B) (20 years from the 18th birthday of a victim younger than 17 years).

Article 12.03(d)'s "same for aggravated as for primary crime" provision would eviscerate the latter provision entirely because it would make any aggravated offense—whether listed or not listed—an exception to its dictates. Not a single aggravated offense would be subject to the "same for aggravated as for primary crime" provision. Not a one. Article 12.03(d) would have zero application.

And if the three-year catch-all provision trumps the "same for aggravated as for primary crime" provision, the limitation period for aggravated robbery would be three years even though limitations for plain robbery is five years. It seems unlikely (to say the least) that the legislature would have intended the limitation period for robbery to be longer than that for aggravated robbery. If anything, the exception added to Article 12.03(d) reinforces the notion that the legislature intended for aggravated assault to have the same limitation period as assault because, while the legislature has explicitly set out exceptions involving aggravated sexual assault and aggravated kidnapping, it has not done so for aggravated assault.

The conclusion demanded by both legislative history and logic is that Article 12.03(d) controls, and the limitation period for the aggravated-assault offense in this case was two years.[57]

### E. Judge Johnson and Judge Cochran's Concurrences

Judge Johnson's concurrence contends that it would be an absurd result to construe the limitation period for aggravated assault as being the same as for a misdemeanor, i.e. two years. While Judge Johnson is correct that sexual assault and kidnapping *currently* have limitation terms

---

[57] This does not mean that the limitation period for aggravated assault will *always* be two years. If the underlying assault is a felony, that offense would fall within the three-year catch-all provision, and 12.03(d) would confer the same limitation period to an aggravated assault based on that underlying felony.

that exceed the three-year catch-all provision, that was not true when Article 12.03(d) was enacted. As explained above, when 12.03(d) was enacted in 1974, all sex offenses had a limitation period of one year (which is *less* than the two-year period for misdemeanors), and the offense of kidnapping was not even listed in Article 12.01, which meant that both kidnapping and aggravated kidnapping fell within the three-year catch-all provision, with or without Article 12.03(d).[58]

I agree with Judge Johnson that we can look at surrounding statutory provisions in assessing whether the plain language of a statutory provision under consideration is absurd. But in conducting that inquiry—in determining whether the legislature could not have possibly intended what the statutory language seems to say—we should look to the surrounding provisions that were in effect or were enacted at the time the legislature enacted the statute under consideration, not at provisions that were passed years or even decades later.[59] The biggest difficulty with Judge Johnson's concurrence, as I see it, is that it attempts to ascertain the legislature's intent in 1974 by looking at statutes that were passed long after that time, while failing to consider the statutory framework that was actually in place in 1974.

Judge Johnson's concurrence next contends that the legislature surely could not have intended to impose the same limitation period for a violent offense such as aggravated assault as for a misdemeanor assault that merely involves an offensive or provocative touching. But some misdemeanor assaults—causing bodily injury and threatening imminent bodily injury—do qualify

---

[58] *See* this opinion at notes 33, 44-46, and accompanying text.

[59] *See Volosen v. State*, 227 S.W.3d 77, 80 (Tex. Crim. App. 2007) ("in interpreting a prior law, we generally accord little weight to subsequent legislative enactments").

as violent offenses.[60]

Moreover, Judge Johnson's concurring opinion does not take into account the fact that aggravated assault *was a misdemeanor* before 1974.[61] When the legislature passed Article 12.03(d) in 1974 it also made aggravated assault a third degree felony,[62] the lowest possible felony at the time, just one level above a Class A misdemeanor.[63] Times have changed: aggravated assault is now a first or second degree felony[64] and there is now a class of felonies below third degree.[65] But the absurd-results inquiry turns on what the legislature could have possibly intended in 1974, when the statute was enacted, not what it could have intended if it had enacted the statute today. We should keep in mind that the 1974 legislature is the same legislature that placed a one-year limitation period on all sexual offenses—something that would be unthinkable today.

Further, Judge Johnson's expression of incredulity just amounts to saying that it seems unlikely that the legislature intended a two-year limitation period for aggravated assault. If one looks at the statute from the perspective of the *1974* legislature, intending a two-year limitation period does not seem at all unlikely, but even if it did, that is not the same as saying that the legislature could not have possibly intended it.

Judge Cochran contends that several pre-1974 offenses were precursors to the modern

---

[60] *See* TEX. PENAL CODE § 22.01(a)(1), (2).

[61] *See* this opinion at note 20 and accompanying text.

[62] *See* this opinion at note 49 and accompanying text.

[63] *See* TEX PENAL CODE §§ 12.03(a), 12.04(a) (Vernon's 1974).

[64] *See* TEX PENAL CODE § 22.02(b) (current).

[65] *See Id.* § 12.04(a).

aggravated-assault offense, and that, included among these precursor offenses were felony offenses that proscribed "assault with intent" to commit some other offense, such as murder, rape, robbery, and burglary.[66] In my view, these "assault with intent" offenses were not precursors to the modern aggravated-assault offense but were instead precursors to the modern attempt offenses.[67] Before 1974, there was no general attempt statute.[68] Attempt offenses were codified on an *ad hoc* basis. There was an "attempt" offense for burglary,[69] but no attempt offense existed for murder or robbery.[70] An "attempt" offense existed for rape, but only to the extent it was not already covered by the offense of assault with intent to commit rape.[71] The promulgation of "assault with intent" offenses was one of the ways in which the legislature proscribed uncompleted versions of major crimes. These offenses were grouped together in their own chapter of the Penal Code, separate from the chapter in which aggravated assault was proscribed.[72]

Judge Cochran's concurrence observes that changing the name of the offense of "aggravated

---

[66]*See* TEX. PENAL CODE, , arts. 1160-1164 (1948).

[67]The offenses of maiming, disfiguring, and castration describe conduct that would fall within the modern aggravated assault offense, but those offenses are worded very differently from the modern aggravated assault offense. *See id.*, arts. 1166-1168. By contrast, the pre-1974 offense titled aggravated assault contains provisions that are similar to the modern offense with that name. *See* TEX. PENAL CODE, , art. 1147(6), (7) (Supp. 1972).

[68]*See* TEX. PENAL CODE, *passim* (1948).

[69]*Id.*, art. 1402.

[70]*See id.*, Title 15, Ch. 16, arts. 1256-1258 and Title 17, Ch. 7, arts. 1408-1409.

[71]*Id.*, art. 1190 ("but not such as to bring it within the definition of assault with intent to commit rape").

[72]*See id.*, Title 15, Ch. 2 (titled "Aggravated Assault and other offenses") and Title 15, Ch. 4 (titled "Assault with intent to commit some other offenses").

assault" to "felony assault" would make clear that the offense is not governed by Article 12.03 and has a different limitation period than the unaggravated version of assault. But Judge Cochran's discussion shows an example of the legislature doing precisely the opposite. As Judge Cochran observes, the pre-1974 offense of assault with intent to commit rape was construed by this Court to have a longer limitation period than the offense of rape, despite the fact that assault with intent to commit rape was essentially an uncompleted rape. The 1974 Penal Code changed that by essentially merging what was the offense of assault with intent to commit rape into the offense of attempted rape. The result was that the limitation period for both offenses became the same, which at the time was one year.

As Judge Cochran points out, the legislature could have exempted the offense of aggravated assault from Article 12.03 by giving it a different name. Or it could have assigned aggravated assault an express limitation period in Article 12.01, just as it has done for other offenses. The legislature has done neither of these things. As it is, the language of the current statutory scheme affords no logical basis for excluding aggravated assault from the "same for aggravated as for primary crime" mandate of Article 12.03(d), and doing so renders that statute meaningless.

## II. CONCLUSION

Although I conclude that the limitations period for the aggravated assault offense in this case was two years, I agree with the Court that the law was unsettled. Consequently, I join the Court's opinion.

Filed: November 27, 2013
Publish



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0354-12

### THE STATE OF TEXAS

v.

### CARL ALAN BENNETT, Appellee

## ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIFTH COURT OF APPEALS DALLAS COUNTY

**JOHNSON, J., filed a concurring opinion.**

### CONCURRING OPINION

I join the Court's opinion, which affirms the judgment of the court of appeals based on the unsettled state of the law in regard to the term of the statute of limitations for the offense that was alleged by the indictment. After considering the statutes at issue, I conclude that the term is three years.

One of our rules of statutory construction tells us that we construe a statute in accordance with its plain meaning unless the plain meaning would produce absurd results that the legislature could not possibly have intended. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). I would hold that this is such a case.

In examining the language in Article 12.03, I find that three of the four paragraphs, concerning attempt, criminal conspiracy, solicitation, and organized criminal activity, all have the same term of limitations as does the offense at issue. Only the fourth paragraph, aggravated offenses, is different; it sets the term of limitation at that of a lesser-included offense. Then, looking at Article 12.01, I find that, for two of the six aggravated offenses, robbery and kidnapping, the unaggravated offense is a felony and is specifically assigned a term of five years. Unaggravated sexual assault is also a felony and has a specific term of ten years. Only unaggravated assault, perjury, and promotion of prostitution are misdemeanors, and each, if aggravated, is a felony. By the elements of the offense, neither perjury nor promotion of prostitution are violent offenses, leaving assault as the only violent offense with a term of two years. Surely the legislature did not intend that a serious, violent felony would have the same statute-of-limitations term as a misdemeanor that may involve merely causing physical contact that another person will regard as offensive or provocative.

Clearly, given the widely differing views expressed in the various concurring opinions, only the legislature can say definitively what it intended.

Filed: November 27, 2013
Publish



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0354-12

### STATE OF TEXAS

v.

### CARL ALAN BENNETT, Appellee

## ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIFTH COURT OF APPEALS DALLAS COUNTY

COCHRAN, J., filed a concurring opinion.

### OPINION

I agree with the majority that defense counsel was not ineffective for failing to raise

a limitations claim at trial. I also agree with the court of appeals that the law is "unsettled

as to whether the two-year statute of limitations applies to aggravated assault."[1] Defense

---

[1] *State v. Bennett*, No. 05-11-00252-CR, 2012 WL 11181, at *4 (Tex. App.–Dallas Jan. 4, 2012) (not designated for publication).

counsel believed that the "catch-all" provision of Article 12.01(7)[2] applies to aggravated assault and therefore the statute of limitations is three years from the date of the offense. I agree with defense counsel, but only the Texas Legislature can finally and firmly resolve this quandary because Article 12.03(d) does appear to contradict Article 12.01(7). There is an easy legislative fix: Change the title of "aggravated" assault and "aggravated" perjury to "felony" assault and "felony" perjury. Then the statute of limitations for both offenses is plainly and unambiguously three years.

## I.

The history of Texas statutes of limitations on various assaultive offenses is not particularly illuminating on the present issue. The 1879 Penal Code divided all offenses into either misdemeanors or felonies.[3] Felonies were defined as those offenses punishable by either death or imprisonment in the penitentiary; everything else was a misdemeanor.[4] Simple assaults were classified as misdemeanors under the 1879 Penal Code because the punishment was limited to a fine of between five and twenty-five dollars.[5] An assault

---

[2] TEX. CODE CRIM. PROC. art. 12.01. Article 12.01(7) reads,
Except as provided in Article 12.03, felony indictments may be presented within these limits, and not afterward: . . . (7) three years from the date of the commission of the offense: all other felonies.

[3] TEX. PENAL CODE art. 53 (1879) ("Offenses are divided into felonies and misdemeanors.").

[4] *Id.* art. 54 ("Every offense which is punishable by death or by imprisonment in the penitentiary, either absolutely or as an alternative, is a felony; every other offense is a misdemeanor.").

[5] *Id.* art. 495 (1879) ("The punishment for a simple assault, or for assault and battery, unattended with circumstances of aggravations, shall be a fine not less than five nor more than

became aggravated whenever it was committed under any of a wide variety of circumstances,[6] and those aggravated assaults were still misdemeanors, but were subject to possible imprisonment in the county jail (not the penitentiary) for up to two years.[7] Article 497 noted that, "[t]he circumstances of aggravation mentioned in the preceding article are of differing degrees, and the jury are to consider these circumstances in forming their verdict and assessing the punishment."[8] The 1879 Penal Code also set out the felony offense of "assault with intent to commit some other offense,"[9] which was subject to the felony three-

---

twenty-five dollars.").

[6] *Id.* art. 496. Those statutory aggravating circumstances included (1) assault on a peace officer; (2) assault in a court or place of religious worship; (3) assault committed in another person's home; (4) assault "committed by a person of robust health or strength upon one who is aged or decrepit"; (5) assault committed by a man upon a woman or child or by a woman upon a child; (6) assault using a whip or cowhide; (7) assault resulting in serious bodily injury; (8) assault with a deadly weapon (but without the intent to maim or murder); (9) premeditated assault using means "calculated to inflict great bodily injury"; and (10) assault committed while "in disguise."

[7] *Id.* art. 498 ("The punishment for an aggravated assault or battery shall be a fine not less than twenty-five nor more than one thousands dollars, or imprisonment in the county jail not less than one month nor more than two years, or by both fine and imprisonment."); *see, e.g., Davis v. State*, 6 Tex. App. 133, at *4 (Tex. Ct. App. 1879) (statute of limitations for misdemeanor offense of aggravated assault on a female was two years).

[8] *Id.* art. 497.

[9] *Id.* arts. 499-506. Those "other" offenses included assault with the intent to maim, with the intent to murder, with the intent to rape, with the intent to rob, or assault in an attempt to commit burglary. *Id.* For example, in *Moore v. State*, 20 Tex. App. 275 (Tex. Ct. App. 1886), the Court of Appeals noted that the statute of limitations for assault with intent to commit rape was three years because it fell into the catch-all "all other felonies" category, even though the statute of limitations for a completed rape was only one year. *Id.* at *4. The court explained,

> The fact that we cannot see the reason of the rule in such cases cannot render those rules of limitation nugatory, and the maxim that where the reason of the rule fails the law ceases to operate does not apply to limitations. The one year's limitation having been expressly restricted to the offense of rape cannot control the minor degrees of

year statute of limitations.[10]  So, up until 1974, a simple assault was a misdemeanor, an aggravated assault was an aggravated misdemeanor, and an assault with intent to commit another specified crime was a felony. The first two, as misdemeanors, had a two-year statute of limitations, while the third, as a felony, had a three-year statute of limitations.[11] The world of assaults was divided into two groups–misdemeanors and felonies–and the statute of limitations depended solely upon that categorization.

## II.

The 1974 Penal Code condensed the three categories of assaultive offenses into just two: simple assault, which is a misdemeanor, and aggravated assault, which is a felony. The current Code of Criminal Procedure provision, Article 12.01, sets out the statute of limitations for various specified felonies and ends with a residual or "catch-all" provision that states that the statute of limitations for all unspecified felonies is three years.[12] Article 12.02 then states that the statute of limitations for all misdemeanors is two years.[13] Article

---

that crime, because the particular enumeration excludes offenses not enumerated, and, there being no special time fixed for the minor degrees, they would fall within the purview of the general statute of three years provided for "all other felonies." (Code Crim. Proc., art. 199).

*Id.*

[10] *Id.* arts. 499-505 (setting out various punishments of imprisonment in the penitentiary, with a minimum of two years up to a maximum of ten years for assault with intent to commit robbery).

[11] *See, e.g., Stratman v. State*, 436 S.W.2d 144, 146 (Tex. Crim. App. 1969) (felony offense of assault with intent to commit murder had three year statute of limitations).

[12] TEX. CODE CRIM. PROC. art. 12.01(7).

[13] TEX. CODE CRIM. PROC. art. 12.02.

12.03 deals with the various permutations of the primary offense that might be charged: aggravated offenses, attempts, conspiracies, solicitations, and organized criminal activity. In each case, the statute of limitations for the attempted offense, the conspiracy, the solicitation, or the aggravated offense follows that of the primary offense as it was already categorized under Article 12.01 or 12.02.[14] Thus, there is no statute of limitations for *attempted* murder, manslaughter, some sexual assaults, continuous sexual abuse of a child, or indecency with a child because the completed offense has no statute of limitations under Article 12.01(1).[15] The statute of limitations for *attempted* assault is two years because assault is a misdemeanor and it has a two year statute of limitations under Article 12.02.[16] The statute of limitations for *conspiracy* to commit money laundering is seven years because the statute of limitations for the felony offense of money laundering is seven years under Article 12.01(3)(E).[17] The statute of limitations for *solicitation* of a felony is the same as that for the felony solicited.[18] And the statute of limitations for aggravated offenses, unless specified elsewhere in Chapter 12, is the same as the primary offense.[19]

The rule of Article 12.03 would appear to be simple: categorize the charged offense

---

[14] *Id.* art. 12.03.

[15] *Id.* art. 12.03(a).

[16] *Id.*

[17] *Id.* art. 12.03(b).

[18] *Id.* art. 12.03(c).

[19] *Id.* art. 12.03(d).

as a felony or a misdemeanor. If the charged offense is a felony look under the various provisions of Article 12.01 to see if there is a special statute of limitations. If not, then the residual or "catch-all" provision of three years applies to all unspecified felonies. If the charged offense is a misdemeanor, then the statute of limitations is two years. If the charged offense falls in one of the "special circumstances" categories, the regular limitations period for the offense applies.

In most instances, an "aggravated" offense elevates a felony offense to a more serious felony offense–e.g., aggravated robbery, aggravated sexual assault, aggravated kidnapping. But in some instances, the "aggravated" offense is a felony while the simple offense is a misdemeanor, e.g. simple assault is a misdemeanor and aggravated assault is a felony; simple perjury is a misdemeanor and aggravated perjury is a felony. Did the Texas Legislature intend that the aggravated offense–the felony–be governed by Article 12.01, the statute of limitations for all felonies, or by the misdemeanor statute of limitations in Article 12.02? That is the underlying question in this case.

Texas courts have, in the post-1974 era, simply assumed that the statute of limitations for all misdemeanor assaults is two years and that the statute of limitations for aggravated or felony assaults is three years. In *Ex parte Salas*[20] we blithely noted that "[t]he statute of

---

[20] 724 S.W.2d 67 (Tex. Crim. App. 1987).

limitations for aggravated assault has long been three years[,]"[21] and in *Hunter v. State*[22] we stated that the State could prove that the charged offense "was committed at any time before the return of the indictment and within the statute of limitations for the offense of aggravated assault, a period of three years."[23] In both cases, this Court assumed that there was no doubt on the issue at all: a felony aggravated assault fell into the three-year "catch-all" felony statute of limitations of Article 12.01. Period. The intermediate courts of appeals followed suit and all have simply stated, without further discussion or analysis, that the statute of limitations for the felony offense of aggravated assault is three years.[24]

But, in *Ex parte Matthews*,[25] this Court, again blithely, assumed that the statute of limitations for the felony offense of aggravated perjury was two years under Article 12.03(d) which reads:

Except as otherwise provided by this chapter, any offense that bears the title

---

[21] *Id.* at 68.

[22] 576 S.W.2d 395 (Tex. Crim. App. 1979).

[23] *Id.* at 399.

[24] *See, e.g., Monroe v. State*, 871 S.W.2d 801, 805 (Tex. App.–Houston [14th Dist.] 1994, no pet.) ("In this case the offense of aggravated assault has a three year period of limitation."); *Peacock v. State*, 690 S.W.2d 613, 616 (Tex. App.–Tyler 1985, no pet.) ("The statute of limitations for aggravated assault is three years."); *see also Gilmore v. State*, No. 14-97-00887-CR, 1999 WL 976499, at *9 (Tex. App.–Houston [14th Dist.] Oct. 28, 1999, no. pet.) (setting out jury instructions and defense counsel's argument that the statute of limitations for the offense of aggravated assault is three years).

[25] 933 S.W.2d 134 (Tex. Crim. App. 1996), *overruled on other grounds by Proctor v. State*, 967 S.W.2d 840 (Tex. Crim. App. 1998).

"aggravated" shall carry the same limitation period as the primary crime.[26]

And intermediate courts of appeals have followed *Matthews* in holding that the statute of limitations for the felony offense of aggravated perjury is two years.[27]

Clearly, one of these two lines of cases is wrong, but which one is it? As Professors Dix and Schmolesky have noted, Article 12.03(d) is in conflict with the residuary or "catch-all" provision of Article 12.01(7) in at least the two instances of aggravated assault and aggravated perjury because, in both, the "primary" offense is a misdemeanor, but the "aggravated" offense is a felony.[28] Professors Dix and Schmolesky would resolve the dilemma by saying that the "aggravated" offense statute is the more specific provision and thus trumps the more general residual provision of Article 12.01(7).[29]

But, in addressing an analogous situation, we held that the "aggregation" of numerous misdemeanor thefts into a single felony offense invokes the felony statute of limitations, not the misdemeanor two-year statute of limitations for the primary theft offenses.[30] As this Court explained, Section 31.09 (aggregated theft) "creates a separate offense and defines

---

[26] TEX. CODE CRIM. PROC. art. 12.03(d).

[27] *See, e.g., Ex parte Tamez*, 4 S.W.3d 854, 856 (Tex. App.–Houston [1st Dist.] 1999), *aff'd*, 38 S.W.3d 159 (Tex. Crim. App. 2001); *State v. Coleman*, 962 S.W.2d 267, 268 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *Ex parte Zain*, 940 S.W.2d 253, 254 (Tex. App.–San Antonio 1997, no pet.).

[28] 40 GEORGE E. DIX & JOHN M. SCHMOLESKY, CRIMINAL PRACTICE AND PROCEDURE § 6:29 at 261-62 (Texas Practice 3rd ed. 2011).

[29] *Id.* at 261 (citing the Code Construction Act, TEX. GOV'T CODE § 311.026(b)).

[30] *Graves v. State*, 795 S.W.2d 185, 187 (Tex. Crim. App. 1990).

conduct for purposes of jurisdiction, punishment and period of limitations from prosecution."[31]   Is not the "aggregation" of misdemeanor thefts into a single felony offense logically the same as the "aggravation" of a misdemeanor assault into the felony offense? Is there some reason to think that the Legislature intended to treat an "aggregated" felony theft differently from an "aggravated" felony assault for purposes of jurisdiction or limitations? I cannot think of any persuasive rationale for why the Legislature would declare that all felonies have, at a minimum, a three-year statute of limitations except for aggravated assault and aggravated perjury simply because of the title of those offenses.  Presumably, then, if the Legislature did nothing more than change the name of both of those offenses from "aggravated" assault or perjury to "felony" assault or perjury, the statute of limitations would clearly be three years as are all other "residual" felony offenses.  The Legislature could make its intention clear by either (1) changing the name of these two offenses, or (2) amending article 12.03(d) to explicitly note its application to these two felony offenses.[32]

At any rate, I agree that defense counsel in this case was not constitutionally deficient

---

[31] *Id.*

[32] Article 12.03(d) might be amended to read:

Except as otherwise provided by this chapter, any offense that bears the title "aggravated," *including aggravated assault and aggravated perjury,* shall carry the same limitation period as the primary crime.

Although there is an offense titled "Aggravated Promotion of Prostitution," that crime is so different from the offenses described in "Promotion of Prostitution" that it would seem peculiar to presume that the Legislature intended that this first or third degree "aggravated" offense have the same statute of limitations as the various limitations for the misdemeanor, state jail felony, or third degree felony offenses set out in "Promotion of Prostitution" offense.  Application of Article 12.03(d) would appear particularly inept here.

for believing that the statute of limitations for aggravated assault is, as we have blithely noted, three years and for therefore not filing a motion to quash the indictment.

Filed: November 27, 2013
Publish



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD–0354–12

### THE STATE OF TEXAS

v.

### CARL ALAN BENNETT, Appellee

## ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIFTH COURT OF APPEALS
## DALLAS COUNTY

**MEYERS, J., filed a dissenting opinion.**

### DISSENTING OPINION

Bennett filed a motion for new trial claiming that his counsel was ineffective for failing to challenge the indictment on the basis that the two-year statute of limitations barred his aggravated-assault charge. The trial judge said that he would not have granted a motion to quash if one had been filed because he believed the statute of limitations to be three years, but he granted the motion for new trial because defense counsel should have preserved the issue for appellate review. The State appealed the trial court's decision and

the court of appeals reversed, holding that, "Because the law is, at best, unsettled as to whether the two-year statute of limitations applies to aggravated assault, the trial court did not have discretion to grant a new trial based on failure to preserve that claim for appellate purposes." *State v. Bennett*, No. 05-11-00252-CR, 2012 Tex. App. LEXIS 24 at *10 (Tex. App.–Dallas January 4, 2012) (not designated for publication).

The majority overlooks the question of whether the trial judge abused his discretion. I disagree with the court of appeals that it was an abuse of discretion for the trial judge to grant a new trial in this case. How can it be an abuse of discretion when there is uncertainty in the law? To me, the fact that the law regarding the statute of limitations was unsettled at the time of the trial indicates that the trial judge did not abuse his discretion in granting a new trial.

I would hold that the court of appeals erred in reversing the trial court's order granting a new trial. Because the majority affirms the court of appeals, I respectfully dissent.


Filed: November 27, 2013

Publish



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. PD-0354-12

---

### THE STATE OF TEXAS

v.

### CARL ALAN BENNETT, Appellee

---

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIFTH COURT OF APPEALS DALLAS COUNTY

---

**PRICE, J., filed a dissenting opinion.**

### DISSENTING OPINION

I agree with Presiding Judge Keller that the applicable statute of limitations for the particular aggravated assault in this case is two years, not three, and I therefore join Part I of her concurring opinion. Ill-considered dicta from our own precedents and contrary lower court opinions notwithstanding, it is clear enough to me from the face of the statutory language that the limitations period is two years. Judge Keller's discussion of the legislative

history reinforces this conclusion.[1] I part company with Judge Keller, and with the Court, in that I would hold *both* that the applicable limitations period is two years *and* that trial counsel rendered constitutionally ineffective assistance of counsel in failing to seek dismissal of the indictment on that basis. Because the Court today does not, I respectfully dissent.

Judge Keller's concurring opinion documents that there was a lack of any on-point case law at the time of the appellee's trial that squarely held that the limitations period is *two* years.[2] There are at least two court of appeals opinions in which the lower courts felt constrained by this Court's previous dicta to hold that it is, in fact, *three*.[3] But, as Judge Keller's limitations analysis today persuasively demonstrates, the statutory language is plainly to the contrary. Moreover, there was case law at the time of trial from which the appellee's trial counsel could readily have fashioned a substantial argument that the statute should indeed be construed according to its plain import.[4]

---

[1]

Presiding Judge Keller's Concurring Opinion at 6-13.

[2]

*Id.* at 3-6.

[3]

*Monroe v. State*, 871 S.W.2d 801, 805 (Tex. App.—Houston [14th Dist.] 1994, no pet.); *Peacock v. State*, 690 S.W.2d 613, 616 (Tex. App.—Tyler 1985, no pet.).

[4]

A lawyer is obliged to zealously represent his client's interests within the bounds of the law. TEX. DISCIPLINARY RULES PROF'L CONDUCT preamble ¶ 3. He has, moreover, "a duty to use legal procedure for the fullest benefit of the client's cause," so long as the bases for his advocacy is not frivolous. *Id.* at R. 3.01 & cmt. 1. A legal contention is frivolous "if the lawyer is unable either to make a good faith argument that [the contention] is consistent with existing law or that it may be supported by a good faith argument for an extension, modification or reversal of existing law." *Id.* at cmt. 2. The language of Articles 12.01 and 12.03(d) of the Code of Criminal Procedure, together with

The Sixth Amendment guarantees an accused the benefit of trial counsel who is familiar with the applicable law.[5] Should trial counsel's investigation of that law reveal ambiguity or uncertainty, he must advise his client with respect to any difficult choices that such ambiguity or uncertainty may engender, offering his best estimate of how it will eventually be resolved, so that his client will be able to make an informed decision. Trial counsel should not ordinarily be found deficient under these circumstances just because his best guess later proves inaccurate with respect to how the law may be clarified in the future. That, I think, is the gist of the case law that the Court invokes today to deny the appellee's ineffective-assistance-of-counsel claim.[6]

But I do not think this principle should apply invariably. In an adversarial system, it is difficult to imagine any rational justification for an attorney's failure to urge a trial court to follow the plain dictates of a statute that would favorably—and finally—dispose of his client's case just because there is dicta out there that essentially assumes—*sans* critical

---

this Court's opinion in *Matthews*, provided a basis for the appellee's trial counsel to argue that the applicable limitations period is two years that was anything but frivolous. TEX. CODE CRIM. PROC. arts. 12.01, 12.03(d); *Ex parte Matthews*, 933 S.W.2d 134 (Tex. Crim. App. 1996), *overruled on other grounds by Proctor v. State*, 967 S.W.2d 840 (Tex. Crim. App. 1998).

[5] *See Ex parte Welch*, 981 S.W.2d 183, 185 (Tex. Crim. App. 1998) ("[T]o be reasonably likely to render effective assistance to his client, a lawyer must be sufficiently abreast of developments in criminal law aspects implicated in the case at hand.").

[6] Majority Opinion at 4 n.12.

exegesis—that the statute would be construed other than by its plain import.[7] Trial counsel did not require a "crystal ball" to appreciate that there was nothing to lose and potentially everything to gain by raising the limitations issue on the appellee's behalf.[8] No doubt, had trial counsel consulted with the appellee about the pros and cons of pursuing a limitations claim, the appellee would eagerly have chosen to do so. And I can think of no reasonable strategic or tactical consideration that could support advising the appellee to choose any differently.[9] There is simply no advantage to be gained from failing to pursue a good-faith statute-of-limitations claim (at least outside the parameters of a negotiated plea). Finally, as Judge Keller's concurring opinion today makes abundantly clear, the appellee would ultimately (even if not immediately) have prevailed with such a limitations claim had he timely raised it in the trial court,[10] and the charges against him would have been dismissed

---

[7] We have said that a claim of ineffective assistance of counsel is not foreclosed by the fact that an issue is one of first impression if the legal proposition that trial counsel failed to invoke "should have been evident from a plain reading of the . . . statute itself[.]" *Welch*, 981 S.W.2d at 185.

[8] *See Ex parte Chandler*, 182 S.W.3d 350, 359 (Tex. Crim. App. 2005) ("[A] bar card does not come with a crystal ball attached . . . [and] legal advice which only later proves to be incorrect does not normally fall below the objective standard of reasonableness under *Strickland* [*v. Washington*, 466 U.S. 668 (1984)].").

[9] *See Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005) ("[W]hen no reasonable trial strategy could justify the trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law[.]").

[10] We have held that—at least to the extent that it operates as a "factual defense"—a statute-of-limitations claim "is forfeited if not asserted at or before the guilt/innocence stage of trial." *Proctor*, 967 S.W.2d at 844. *See Phillips v. State*, 362 S.W.3d 606, 617 (Tex. Crim. App. 2011) ("We have

with prejudice. In short, there is no reasonable cost-benefit analysis that would excuse trial counsel's omission here.

I would hold that the appellee's trial counsel performed deficiently and that his deficiency seriously prejudiced his client. I would therefore reverse the judgment of the court of appeals and leave intact the trial court's order granting of the appellee's motion for new trial. Because the Court does not, I respectfully dissent.

FILED:      November 27, 2013
PUBLISH

---

stated, in a post-*Proctor* case, that a limitations bar may be raised in a pretrial motion to quash or dismiss, a pretrial writ, at trial, on direct appeal, or in a collateral proceeding."). I withhold judgment whether the appellee's limitations claim in this case is of a kind that he could vindicate by post-conviction application for writ of habeas corpus in contemplation of *Phillips*.