ACCEPTED
12-15-00183-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/17/2015 9:00:00 AM
Pam Estes
CLERK

Cause Number 12-15-00183-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/17/2015 9:00:00 AM
PAM ESTES
Clerk

Frederick Deshun Lee

vs.

The State of Texas

State's Brief

On Appeal in Cause Number 31727, Counts 1 and 2

From the * District Court of Anderson County, Texas

Hon. Pam Foster Fletcher, Presiding

Melinda Fletcher
SBN 18403630
Special Prosecution Unit
P O Box 1744
Amarillo, Texas  79105
Phone 806.433.8720
Fax 866.923.9253
mfletcher@sputexas.org

Oral Argument is Waived

# Table of Contents

Index of Authorities ...................................3

Issue Presented .......................................1

Summary of the Argument ..............................2

Argument .............................................2

  Response to Sole Issue:  Because the underlying
  offense is a felony, the statute of limitations
  for the offense of aggravated assault on a public
  servant is three years...............................2

Prayer ...............................................7

Certificate of Compliance ............................8

Certificate of Service ...............................8

# Index of Authorities

**Texas State Case Law**

Bennett v. State, 415 S.W.3d 867
   (Tex. Crim. App. 2013)........................2, 3

Fantich v. State, 420 S.W.3d 287
   (Tex. App. –Tyler 2013, no pet.)..............5, 6

State v. Schunior, --- S.W.3d ---, 2015 WL 1875972
   (Tex. App. –San Antonio 2015, pet. granted).......6


**Texas Code of Criminal Procedure**

Art. 12.03 ......................................3, 4, 7

Art. 12.01 ..........................................4


**Texas Penal Code**

§ 22.01 .......................................4, 5, 6, 7

§ 22.02 .............................................4

Frederick Deshun Lee

vs.

The State of Texas


To the Honorable Justices of the Court of Appeals:


Appellee, the State of Texas, respectfully presents this brief in support of the judge's ruling refusing to find that the statute of limitations on the charge of aggravated assault on a public servant is only two years. Lee's convictions should be affirmed.


# Issue Presented

Response to Sole Issue: Because the underlying offense is a felony, the statute of limitations for the offense of aggravated assault on a public servant is three years.

# Summary of the Argument

Appellant's sole issue should be overruled because the primary offense underlying the crime of aggravated assault on a public servant is assault on a public servant, a felony. Therefore, the statute of limitations is three years. The indictment against Lee was presented within the 3-year limit, and so his convictions should be affirmed.

# Argument

## Response to Sole Issue: Because the underlying offense is a felony, the statute of limitations for the offense of aggravated assault on a public servant is three years.

In 2013, the Court of Criminal Appeals released its opinion in *Bennett v. State,* 415 S.W.3d 867 (Tex. Crim. App. 2013). Bennett alleged that his attorney was ineffective for failing to assert a violation of the statute of limitations, even though he was indicted for aggravated assault more than two years after the offense.

*Id.* at 868. The Court acknowledged that Art. 12.03(7) and prior opinions issued from the same Court were in conflict. *Id.* at 869. Without settling the conflict, the Court found that Bennett's counsel was not ineffective. *Id.* The Court had previously held that the statute of limitations for aggravated assault was three years. *Id.* at 869. However, the Court found that Art. 12.03(7) of the Code of Criminal Procedure could operate to make the limitations period only two years. It found defense counsel was not ineffective for failing to assert a violation of a statute of limitations in the midst of this uncertainty. It also declared, "[T]he law is, at best, unsettled as to whether the two-year statute of limitations applies to aggravated assault…" *Bennett* at 869.

Since the *Bennett* opinion, courts have struggled to settle the conflict in the statutes regarding the statute of limitations for aggravated assault. The State urges that the confusion does not exist in this particular case. Even under Art. 12.03(7), the statute of

limitations for aggravated assault on a public servant is three years.

An offense that bears the title "aggravated" shall carry the same limitation period as the primary crime. Tex. Crim. Proc. Code Art. 12.03(d).[1] Lee was charged with two counts of aggravated assault on a public servant. (CR 1:6-7) Aggravated assault on a public servant is a second degree felony offense. Tex. Penal Code § 22.02(b)(2)(B). The primary crime of this aggravated offense, assault on a public servant, is a third degree felony offense. Tex. Penal Code. § 22.01(b)(1). The statute of limitations for an assault on a public servant is three years. Tex. Code Crim. Proc. Art. 12.01(7). Therefore, the statute of limitations for an aggravated assault on a public servant is also three years. Tex. Crim. Proc. Code Art. 12.03(d).

Lee disagrees with the State in that he asserts that the "primary crime" of aggravated assault on a public

---

[1] The statute says, "Except as otherwise provided by this chapter…"  The facts of this case do not fit within the exceptions that are otherwise provided by the chapter.

servant is the misdemeanor offense of assault. According to his argument, this would make the statute of limitations only two years because of the misdemeanor nature of the primary crime. The State disagrees, and asserts that the "primary crime" in this case is the felony offense of assault on a public servant. The outcome of this appeal hinges on the determination of whether the underlying "primary crime" of aggravated assault on a public servant is a felony or a misdemeanor.

Penal Code § 22.01 outlines the criminal offense of Assault. Subsection (a) defines the misdemeanor offense of assault. Subsection (b) defines the felony offense of assault on a public servant. This Court previously conceded that § 22.01 does include a "felony assault." *See Fantich v. State,* 420 S.W.3d 287, 290 (Tex. App. – Tyler 2013, no pet.) ("But either misdemeanor or felony assault can be the 'primary crime' for aggravated assault.")

*Fantich* questioned the statute of limitations for the offense of aggravated assault with a deadly weapon.

This Court noted that the indictment against Fantich did not allege facts that would render his assault a felony under Penal Code § 22.01. Based on that decision, this Court found the statute of limitations for aggravated assault with a deadly weapon to be two years. *Fantich* at 291. The San Antonio Court of Appeals arrived at the same conclusion in another case involving aggravated assault with a deadly weapon. *See State v. Schunior,* --- S.W.3d ---, 2015 WL 1875972, at *8 (Tex. App. –San Antonio 2015, pet. granted). The State appealed the *Schunior* decision and the Court of Criminal Appeals has granted the petition for review.

Unlike the crimes involved in *Fantich* and *Schunior,* the crime of assault on a public servant does appear in Penal Code § 22.01 and it is a felony. Tex. Penal Code § 22.01(b)(1). This distinction is glaring, not subtle.

This crime is not aggravated because the victim is a public servant; the crime is aggravated in this case by the use or exhibition of a deadly weapon. (CR 1:6) Without the deadly weapon, the offense would still be a felony,

per Penal Code § 22.01. This is the "primary crime," and Art. 12.03(7) declares the statute of limitations to be three years for this felony offense.

Lee's sole issue should be overruled and his convictions should be affirmed.

# Prayer

The State prays that this Honorable Court affirm the ruling of the trial court and declare that the statute of limitations for aggravated assault on a public servant is three years.

Respectfully Submitted,

/s/ Melinda Fletcher

Melinda Fletcher
SBN 18403630

Special Prosecution Unit
P O Box 1744
Amarillo, Texas 79105

Phone 806.433.8720
Fax 866.923.9253
mfletcher@sputexas.org

# Certificate of Compliance

I hereby certify that, according to Microsoft Word, this brief contains a total of only 1304 words. The length of this document is in compliance with the Texas Rules of Appellate Procedure.

/s/ Melinda Fletcher

Melinda Fletcher

# Certificate of Service

I hereby certify that a true and correct copy of the foregoing Brief for the State was served on Nicholas Mensch, the attorney for Lee, via electronic mail on this the 17th day of September, 2015.

/s/ Melinda Fletcher

Melinda Fletcher