**Richard Lee FRANKS, Appellant,**

v.

**The STATE of Texas.**

**No. 2064–02.**

Court of Criminal Appeals of Texas.

Jan. 15, 2003.

L. Patrick Davis, Fort Worth, for appellant.

Tim Curry, DA, Fort Worth, for state.

COCHRAN, J., joined by PRICE, JOHNSON & HOLCOMB, JJ., filed a statement dissenting to the denial of appellant's motion for rehearing.

I respectfully dissent to the denial of appellant's motion for rehearing after his petition for discretionary review was refused as untimely filed. I express no opinion on the merits of appellant's claims or whether we might, under other circumstances, have considered them.

My concern is directed solely toward a trap for the unwary that the wording of Rules 49.1, 49.7, and 68.2 of the Rules of Appellate Procedure has unintentionally created. The language of these rules constitutes a booby trap which may ensnare both the State and the defendant.

Under Rule 49.1 of the Texas Rules of Appellate Procedure, a party may file a motion for rehearing by the court of appeals within fifteen days of that court's judgment or order.[1] Under Rule 49.8, a party may also file for an extension of time in which to file the motion for rehearing.[2] Rule 49.7 allows a party to also file a motion for reconsideration en banc.[3] There is, however, no specific time limit set out in Rule 49.7. Thus, a request for reconsideration en banc may be filed *at any time* while the court of appeals still has plenary jurisdiction.

---

1. TEX.R.APP. PROC. 49.1 reads:

    **Motion for Rehearing.** A motion for rehearing may be filed within 15 days after the court of appeals' judgment or order is rendered. The motion must clearly state the points relied on for the rehearing.

2. TEX.R.APP. PROC. 49.8 reads:

    **Extensions of Time.** A court of appeals may extend the time for filing a motion or a further motion for rehearing if a party files a motion complying with Rule 10.5(b) no later than 15 days after the last date for filing the motion for rehearing.

3. TEX.R.APP. PROC. 49.7 reads:

    **En Banc Reconsideration.** While the court of appeals has plenary jurisdiction, a majority of the en banc court may, with or without a motion, order en banc reconsideration of a panel's decision. If a majority orders reconsideration, the panel's judgment or order does not become final, and the case will be resubmitted to the court for en banc review and disposition.

In this case, appellant timely filed a motion for extension of time to file a motion for rehearing and then filed the actual motion within the time allotted. The court of appeals denied his motion for rehearing. Appellant then filed a motion for rehearing en banc under Rule 49.7. That motion was filed within fifteen days after his first motion for rehearing was denied. It, too, was denied. Within thirty days after his motion for rehearing en banc was denied, appellant filed a motion for extension of time in which to file a petition for discretionary review in this Court. We denied that motion as untimely filed. Appellant has now filed a motion for rehearing of that order, which the Court again denies.

There is some confusion concerning the interplay between Rules 49.1 and 49.7. A motion for rehearing under Rule 49.1 must be filed within fifteen days from the time that the court of appeals renders its decision. If the losing party timely files such a motion, all is well. Under Rule 68.2, the timetables for filing a petition for discretionary review ("PDR") to this Court are tolled until the court of appeals denies that motion for rehearing or grants the motion and renders a new decision. Rule 68.2 is very specific and explicit in its use of the phrase "motion for rehearing" as a tolling mechanism. No other motion will toll the time period, regardless of when that motion might be filed. It is the use of the phrase "en banc" without citation to Rule 49.1 which controls whether the time period in which to file a PDR is tolled or not.

If the words "en banc" appear in a motion for rehearing *without* explicit mention of Rule 49.1, a party must file its PDR within thirty days after the court of appeals renders its original decision.[4] Therefore, counsel for any appealing party, whether the State or defendant, may wish to:

* eliminate the phrase "en banc" from the title.

* always title the document "Motion for Rehearing."

* always add a reference to Rule 49.1 in the motion.

* never refer to Rule 49.7 in the title of the motion.

* alternatively, file two separate documents. Title the first one "Motion for Rehearing under Rule 49.1" and file it within fifteen days after the court of appeals renders its decision. File a second, separate document either earlier, later, or at the same time, titled "Motion for Reconsideration En Banc under Rule 49.7." Again, however, it is the date upon which the court of appeals denies the motion for rehearing which controls the timing for filing a PDR, not the date (if different) in which it denies a motion for reconsideration en banc.

This procedure applies to a first motion for rehearing as well as any subsequent motions for rehearing because reference to Rule 49.7, *by itself,* does not toll the time period in which to file a PDR, given the explicit wording of Rule 68.2. However, an explicit reference to Rule 49.1 will toll the time period.

This interaction between Rules 49.1, 49.7, and 68.2 may sound like exaltation of form over substance, but it does accord with the explicit wording of each rule.

---

4. When, as here, a losing party files an original motion for rehearing which is denied, the timetable for filing a PDR will begin to run from the denial date, regardless of whether the party timely files a motion for reconsideration en banc under Rule 49.7, if the losing party does not also invoke Rule 49.1. Thus, the losing party should file a second motion for rehearing pursuant to Rule 49.1, and then, additionally, ask for reconsideration en banc under Rule 49.7.

Nonetheless, because that interaction is not necessarily obvious and has not previously been explained to criminal law practitioners, I respectfully dissent to the denial of appellant's motion for rehearing in this particular case.