ACCEPTED
03-13-00494-CR
7558353
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/27/2015 1:21:36 PM
JEFFREY D. KYLE
CLERK

# KRISTEN JERNIGAN
## ATTORNEY AT LAW
## 207 S. AUSTIN AVE., GEORGETOWN, TEXAS 78626
## (512) 904-0123 (OFFICE)    (512) 931-3650 (FAX)
## KRISTEN@TXCRIMAPP.COM

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/27/2015 1:21:36 PM
JEFFREY D. KYLE
Clerk

CRIMINAL LAW         BOARD CERTIFIED•     CRIMINAL APPELLATE LAW

---

October 27, 2015

VIA CERTIFIED MAIL

Eugene Kelly Wolfenberger
TDCJ No. 01871101
Powledge Unit
1400 FM 3452
Palestine, Texas 75803

> Re:  *Eugene Kelly Wolfenberger v. The State of Texas*,
> No. 03-13-00494-CR

Dear Eugene:

I have enclosed a copy of the Court of Appeals' opinion in your case. Unfortunately, your conviction and sentence were affirmed by the Court. The Court's opinion was issued on October 23, 2015. I have filed a Motion for Rehearing and a Motion for Reconsideration En Banc so that the entire Court can review the opinion issued in your case because I believe it was incorrectly analyzed. I have enclosed copies of those motions as well.

Ordinarily, you would now be in a position to file a *pro se* Petition for Discretionary Review. However, the filing of the Motion for Rehearing and the Motion for Rehearing En Banc will postpone the deadline for doing so. Should the Court of Appeals deny the Motion for Rehearing and the Motion for Reconsideration En Banc, your *pro se* Petition for Discretionary Review will be due within thirty days of the date of the Court's opinion. I have enclosed a copy of the relevant Rules of Appellate Procedure concerning Petitions for Discretionary

Review so that you can review them for preparing a Petition for Discretionary Review, should the Court deny our pending motions. I will let you know as soon as the Court makes a decision on the motions and will send additional instructions at that time. Take care.

Sincerely,

/s/ Kristen Jernigan

Kristen Jernigan

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-0494-CR

Eugene Kelly Wolfenberger, Appellant

v.

The State of Texas, Appellee

### FROM THE 264TH DISTRICT COURT OF BELL COUNTY, TEXAS
### NO. 68431, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## MEMORANDUM OPINION

A jury found appellant, Eugene Kelly Wolfenberger, guilty of intoxication manslaughter and assessed a punishment of twenty years' confinement in the Texas Department of Criminal Justice and a fine of $10,000. Appellant timely appealed, asking this Court to reverse his judgment and sentence because: (1) he received ineffective assistance of counsel; (2) the trial court erroneously admitted privileged statements into evidence; and (3) there was insufficient evidence to support his conviction. For the following reasons, we will affirm.

## BACKGROUND

Appellant is a military veteran who struggles with alcoholism and has been diagnosed with severe post traumatic stress disorder (PTSD). On August 22, 2010, he struck and fatally injured a motorcyclist while driving his wife's Toyota Camry home from a bar and then fled the scene of the accident. He was later tried and convicted of intoxication manslaughter.

At appellant's trial, the State offered the testimony of Officer Garland Potvin, an expert witness certified in accident reconstruction who concluded that appellant struck the motorcyclist from behind while driving at least fifty-four miles per hour in a thirty-miles-per-hour zone. Brian Haygood, appellant's expert witness who is a forensic mechanical engineer, testified that appellant was driving near the speed limit and that Potvin's conclusions are unreliable because he used an inappropriate formula and performed tests with a Chevrolet Impala rather than a Toyota Camry.

The collision occurred at approximately 9:30 p.m. It was dark, and the motorcyclist was allegedly wearing dark clothing. Appellant admits to hitting and killing the motorcyclist, but maintains that he was not intoxicated at that time. He claims that the accident triggered his PTSD, causing him to panic and flee to his home two blocks away where he proceeded to drink heavily to avoid facing the situation.

At trial, appellant's wife testified that she arrived at their home sometime between 9:30 p.m. and 10:30 p.m. to find appellant naked, disoriented, and surrounded by numerous empty beer cans. She also testified that she did not see him consume any alcohol after finding him. After discovering the damage to her Camry, appellant's wife called 911 at 10:25 p.m. to report what she then believed to be an incident of drunk driving.

Officer William Pereyra was dispatched to appellant's home. At trial, he testified that he arrived at approximately 10:51 p.m., that appellant displayed signs of intoxication, and that appellant said "I'm the one you're looking for. I did the bad deed," and "I hit him." Pereyra arrested appellant and transported him to a hospital. Appellant did not consent to a blood draw, so Pereyra

2

obtained one despite appellant's refusal pursuant to the Texas Transportation Code[1] at approximately 11:30 p.m. A forensic scientist determined that appellant's blood-alcohol concentration was 0.3 when it was drawn, more than three times higher than the concentration at which a person is deemed to be intoxicated under Texas law. *See* Tex. Penal Code § 49.01(2) ("'Intoxicated' means . . . having an alcohol concentration of 0.08 or more.").

Appellant asserts that he consumed a total of three alcoholic drinks prior to the accident—one beer at home in the afternoon, a second beer at a bar where he met his son that evening, and a third beer at another bar they visited later that evening. At trial, appellant produced bills for $5.75 from the first bar and $20.00 from the second bar, which includes a $7.00 tip. He claims that he made no additional drink purchases that evening, that he paid for his son's drinks as well as his own, and that the second bill includes approximately $5.00 for use of a pool table. Appellant's son testified that he showed no signs of intoxication while they were together.

Appellant's wife took him to the VA emergency room two days after the accident, where they met with social worker, Debra Housewright. Housewright testified that appellant "said he was intoxicated and he hit them and he panicked and fled the scene." Housewright also noted that they discussed his drinking and that she "did an alcohol assessment on him." Appellant's wife testified that neither of them told Housewright that he was intoxicated at the time of the accident,

---

[1] *See* Tex. Transp. Code § 724.012(b) (officer shall require involuntary taking of breath or blood specimen when arresting person for offense under Chapter 49 of Texas Penal Code if officer suspects someone has suffered serious bodily injury, died, or will die as result of accident and person arrested was operating vehicle involved in accident).

but that she told Housewright "he had been drinking that night." She also testified that appellant told her he could not remember the accident and that he could not believe that he had killed someone.

After their meeting with Housewright, appellant and his wife met with staff psychiatrist, Dr. Girija Chintapalli. His notes indicate that appellant said he was intoxicated at the time of the accident, but Chintapalli could not remember their conversation well enough to rule out the possibility that he read this in Housewright's notes rather than hearing it directly from appellant.

Chintapalli testified that drinking and avoidance are common coping mechanisms of those suffering from PTSD. He also confirmed that some people experience memory loss after episodes of PTSD and try to fill in the blanks and parrot what they hear from others about events they cannot remember.

Appellant's trial counsel argued that appellant was sober at the time of the accident, then fled to his home and drank numerous beers to cope with the stress. Trial counsel contended that appellant's PTSD caused him to block these traumatic events out of his memory and that he was merely repeating what others had said when he told Housewright and Chintapalli that he was intoxicated at the time of the accident. He made no objection to Housewright's testimony and, although he made several unsuccessful objections to Chintapalli's testimony, he did not claim privilege. Nor did he move to suppress the evidence of appellant's blood-alcohol concentration. Trial counsel moved for a directed verdict, arguing that the State failed to prove that appellant was intoxicated when he struck the motorcyclist as required for a conviction of intoxication manslaughter. *See* Tex. Penal Code § 49.08. The trial court denied that motion, and the jury convicted appellant of intoxication manslaughter. This appeal followed.

4

## DISCUSSION

Appellant argues that: (1) he received ineffective assistance of counsel because his trial attorney did not move to suppress illegally obtained evidence of his blood-alcohol concentration; (2) the trial court erred in admitting statements he made to Housewright and Chintapalli while seeking treatment for alcohol abuse because they were privileged under Texas Rule of Evidence 509(b); and (3) there was insufficient evidence to convict him because nothing shows that he was intoxicated at the time of the accident. The State counters that: (1) appellant has not shown ineffective assistance of counsel because the evidence of his blood-alcohol concentration supported the defensive theory that appellant binge drank after the accident; (2) appellant failed to preserve the issue of privilege for review, and the statements to Housewright and Chintapalli were not privileged because appellant was not seeking treatment for alcohol abuse; and (3) there was sufficient evidence to support the conviction. Based on the record before us, we will affirm.

### Ineffective Assistance

To establish ineffective assistance of counsel, an appellant must demonstrate by a preponderance of the evidence (1) deficient performance by counsel and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986) (adopting *Strickland* test). Appellate courts must look to "the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). To satisfy the first part of the *Strickland* test, the appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Strickland*, 466 U.S.

5

at 687-88. There is a strong presumption that counsel's performance was not deficient. *Id.* at 689. If, as in this case, trial counsel has not had the chance to explain his conduct, "then the appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (citations omitted). To satisfy the second part of the *Strickland* test, the appellant must show that there is a reasonable probability that the result of the trial would have been different if counsel's performance was not deficient. *Strickland*, at 694. The probability must be strong enough to undermine confidence in the outcome of the trial. *Id.* "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700.

Appellant contends that his trial counsel could and should have moved to suppress the evidence of his blood-alcohol concentration because it was obtained illegally from an unconstitutional, warrantless search. He argues that the United States Supreme Court invalidated Texas's implied-consent statute in *Missouri v. McNeely*, 133 S. Ct. 1552, 1561 (2013) ("In those drunk-driving investigations where police officers can reasonably obtain a warrant before a blood sample can be drawn without significantly undermining the efficacy of the search, the Fourth Amendment mandates that they do so."). According to appellant, there was no possible strategic reason for failing to move to suppress this evidence and harm is apparent because appellant's blood-alcohol concentration was central to the State's case.

However, appellant has not shown deficient performance. The law on mandatory blood draws and implied consent was not settled when trial counsel presented appellant's case,[2] and the Texas Court of Criminal Appeals has "repeatedly declined to find counsel ineffective for failing to take a specific action on an unsettled issue." *State v. Bennett*, 415 S.W.3d 867, 869 (Tex. Crim. App. 2013). *Bernal v. State*, No. 02-13-00381-CR, 2014 WL 5089182, at *5 (Tex. App.—Fort Worth Oct. 9, 2014, no pet.) (mem. op.) (counsel was not ineffective for failing to suppress results of warrantless, nonconsensual blood draw under *McNeely* because "*McNeely* did not address directly the effect of mandatory-blood-draw or implied-consent statues on the warrant requirement," and "the import of *McNeely* on Texas's mandatory-blood-draw and implied-consent statutes was unsettled at the time of [appellant's] trial and remains unsettled today."). Trial counsel argued that appellant was sober when he hit the motorcyclist, then rushed home and drank heavily. Appellant's high blood-alcohol concentration when his blood was drawn approximately one hour after he claims to have had a binge drinking session is completely consistent with this theory of the case. Appellant has, therefore, not "overcome the presumption that the challenged action," i.e., trial counsel's inaction in allowing the State to present corroborative evidence, "'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Lousiana*, 350 U.S. 91, 101 (1955)). We

---

[2] Trial commenced on July 8, 2013, more than two months after the Supreme Court held that blood-alcohol dissipation is not a per se exigency justifying warrantless, nonconsensual blood draws in *Missouri v. McNeely*, 133 S. Ct. 1552 (2013). However, the Texas Court of Criminal Appeals did not address whether nonconsensual blood draws taken pursuant to Texas Transportation Code § 724.012 require a warrant until after appellant's trial concluded, and the court has since decided to reconsider that ruling on rehearing. *State v. Villarreal*, __ S.W.3d __, No. PD-0306-14, 2014 WL 6734178, at *8-9, 11 (Tex. Crim. App. Nov. 26, 2014) (reh'g granted). The law surrounding Texas's implied-consent and mandatory-blood-draw statutes has been unsettled since before appellant's trial.

7

cannot find trial counsel deficient for failing to rely on unsettled law to suppress evidence that supported the defensive theory offered at trial.

Further, appellant has not shown that trial counsel's allegedly deficient performance prejudiced him. Even if trial counsel had successfully moved to suppress evidence of appellant's blood-alcohol concentration, other evidence of intoxication would have remained, including Officer Pereyra's testimony that he observed signs of intoxication in appellant and the testimony of Housewright and Chintapalli that appellant told them that he was intoxicated during the accident. There is not a reasonable probability that the result of the trial would have been different if trial counsel had moved to suppress.

In that the record does not support a finding of deficient performance or prejudice under the *Strickland* standard, we overrule appellant's first point of error.

### *Statements to Housewright and Chintapalli*

Appellant contends that we should reverse his conviction because his statements to Housewright and Chintapalli were privileged under Texas Rule of Evidence 509(b) and should, therefore, have been excluded. We disagree. Appellant made no objection to Housewright's testimony, and none of his objections to Chintapalli's testimony concerned privilege. He has, therefore, failed to preserve this issue for appeal. *See* Tex. R. Evid. 33.1 (to preserve issue for appellate review, party must make timely objection and obtain ruling or refusal to rule from trial court); *Dixon v. State*, 2 S.W.3d 263, 269-70 (Tex. Crim. App. 1998) ("To preserve error for appellate review, the complaining party must make a timely, specific objection and obtain a ruling

8

on the objection," and "the compliant on appeal must comport with the objection at trial.") (citations omitted). Consequently, we overrule this point of error.

### Sufficiency of the Evidence

When reviewing the legal sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found each essential element of the offense beyond a reasonable doubt based on the evidence before it and reasonable inferences therefrom. *Jackson v. Virginia*, 443 U.S. 307, 320 (1979); *Brooks v. State*, 323 S.W.3d 893, 896 (Tex. Crim. App. 2010). "A reviewing court is required to defer to a jury's credibility and weight determinations." *Brooks*, 323 S.W.3d at 894. "[T]he jury is entitled to judge the credibility of the witnesses and can believe all, some, or none of the testimony presented by the parties," *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991), and may "draw reasonable inferences from the basic facts to ultimate facts," *Jackson*, 443 U.S. at 319. The "reviewing court must consider all evidence which the jury was permitted, whether rightly or wrongly, to consider." *Thomas v. State*, 753 S.W.2d 688, 695 (Tex. Crim. App. 1988) (en banc).

Appellant argues that there was insufficient evidence to support his conviction because the State failed to prove the intoxication element of intoxication manslaughter. *See* Tex. Penal Code §§ 49.08 (person commits intoxication manslaughter if he operates a motor vehicle in public place, is intoxicated, and causes death of another by accident or mistake by reason of intoxication), 49.01(2) ("'Intoxicated' means: (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol . . . into the body; or (B) having an alcohol concentration of 0.08 or more."). Appellant acknowledges that there is evidence that he became

9

No. 03-13-00494-CR

In the
COURT OF APPEALS
For the
THIRD SUPREME JUDICIAL DISTRICT
at Austin

On Appeal from the 264th Judicial District Court of
Bell County, Texas
Cause Number 68431

EUGENE KELLY WOLFENBERGER, Appellant
*v.*
THE STATE OF TEXAS, Appellee

APPELLANT'S MOTION FOR REHEARING[1]

*Background*

On July 12, 2013, a jury found Appellant guilty of the offense of intoxication manslaughter and assessed Appellant's punishment at twenty years in prison and a $10,000.00 fine. Appellant timely filed Notice of Appeal and on October 23, 2015, this Court affirmed Appellant's conviction in a memorandum opinion. *Wolfenberger v. State*, No. 03-13-00494-CR (Tex. App.—Austin, delivered October 23, 2015).

---

[1] Simultaneous with this filing, Appellant has also filed a Motion for Reconsideration *En Banc* in light of Texas Rule of Appellate Procedure 49.1 and *Franks v. State*, 97 S.W.3d 584, 584 (Tex. Crim. App. 2003).

1

## Grounds for Rehearing

On appeal, Appellant argued that Appellant received ineffective assistance of counsel when trial counsel failed to move to suppress the results of a blood draw taken pursuant to Texas's now invalidated implied consent mandatory blood draw statute. Specifically, Appellant's blood was taken without a warrant in violation of *Missouri v. McNeely*, 133 S.Ct. 1522 (2013), and his attorneys failed to object on that basis. Despite the fact that the *McNeely* case, which held that Texas's implied consent statute did not provide an exception to the Supreme Court's long-held requirement that a warrant be obtained to draw a suspect's blood, was released more than two months prior to trial, and was binding Supreme Court's precedent, trial counsel made no effort to suppress the results of the blood draw.

Rehearing should be granted because this Court absolved trial counsel's deficient performance by failing to recognize the authority of the United States Supreme Court in analyzing its own precedent and instead, ruled that the Texas Court of Criminal Appeals decisions analyzing United States Supreme Court precedent should control.

**Ineffective Assistance of Counsel**

As discussed above, on Appeal, Appellant argued that he received ineffective assistance of counsel[2] when trial counsel failed to move to suppress the results of the mandatory blood draw in this case pursuant to the United States Supreme Court's holding in *Missouri v. McNeely*, 133 S.Ct. 1522 (2013).

On April 17, 2013, the United States Supreme Court issued an opinion in *Missouri v. McNeely*, 133 S.Ct. 1522 (2013), holding that "In those drunk-driving investigations where police officers can reasonably obtain a warrant before a blood sample can be drawn without significantly undermining the efficacy of the search, the Fourth Amendment mandates that they do so." *Id.* In so holding, the Court rejected a *per se* rule that the dissipation of alcohol in the blood stream creates an exigency which absolves the State of the duty to obtain a warrant before taking a suspect's blood. *Id.* In fact, the Court recognized its long-standing directive that exigency be determined on the totality of the circumstances and cited its opinion in *Schmerber v. California*, 384 U.S. 757 (1966). Despite the fact that Appellant's trial occurred more than two months after the *McNeely* decision, trial counsel made

---

[2] As this Court is aware, to prevail on a claim of ineffective assistance of counsel, Appellant must show that (1) trial counsel's representation was deficient in that it fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced Appellant so that there is a reasonable probability that the result of the proceeding would have been different but for the deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

3

no attempt to move to suppress evidence of Appellant's blood alcohol content of .30 and trial counsel made no objection to that evidence.

This Court absolved trial counsel of any duty to file a motion to suppress or object to evidence of Appellant's blood alcohol content because "The law on mandatory blood draws and implied consent was not settled when trial counsel presented appellant's case" and stated further in a foot note that:

> Trial commenced on July 8, 2013, more than two months after the Supreme Court held that blood-alcohol dissipation is not a *per se* exigency justifying warrantless, nonconsensual blood draws in *Missouri v. McNeely*, 133 S. Ct. 1552 (2013). However, the Texas Court of Criminal Appeals did not address whether nonconsensual blood draws taken pursuant to Texas Transportation Code § 724.012 require a warrant until after appellant's trial concluded, and the court has since decided to reconsider that ruling on rehearing. *State v. Villarreal*, __ S.W.3d __, No. PD-0306-14, 2014 WL 6734178, at *8-9, 11 (Tex. Crim. App. Nov. 26, 2014) (reh'g granted). The law surrounding Texas's implied-consent and mandatory-blood-draw statutes has been unsettled since before appellant's trial.

*Wolfenberger v. State*, No. 03-13-00494-CR (Tex. App.—Austin, delivered October 23, 2015), at 7.

Interestingly, this Court acknowledges the Supreme Court's clear holding "that blood-alcohol dissipation is not a *per se* exigency justifying warrantless, nonconsensual blood draws" in *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), which would have triggered counsel's duty to object or move to suppress the

4

evidence on that basis. The Court then essentially states that it is up to the Court of Criminal Appeals to interpret the Supreme Court's holdings and until the Court of Criminal Appeals does so, the Supreme Court's holdings are not binding on counsel.

In its opinion, this Court cites two cases for the proposition that counsel's performance cannot be held to be deficient where an area of law is unsettled. *See State v. Bennett*, 415 S.W.3d 867 (Tex. Crim. App. 2013) and *Bernal v. State*, No. 02-13-00381-CR, 2014 WL 5089182 (Tex. App.—Fort Worth Oct. 9, 2014, no pet.).

In the first of those cases, the area of unsettled law was that of a State statute and its meaning as interpreted by several conflicting opinions by the Court of Criminal Appeals. *See State v. Bennett*, 415 S.W.3d at 868-869. The *Bennett* opinion in no way contemplated United States Supreme Court precedent. *See Id.*

In the second, unpublished case with no precedential value, the Fort Worth Court of Appeals held that counsel was not ineffective for failing to suppress results of a warrantless, nonconsensual blood draw under *McNeely* because "McNeely did not address directly the effect of mandatory-blood-draw or implied-consent statues on the warrant requirement," and "the import of McNeely on Texas's mandatory-blood-draw and implied-consent statutes was unsettled at the

time of [appellant's] trial . . ." *See Bernal*, No. 02-13-00381-CR, slip. op. at 10-12.

However, those statements are incorrect. In fact, in its opinion in the *McNeely* case, the United States Supreme Court directly addressed the various implied consent laws adopted by the fifty states and noted that a driver who has impliedly consented to blood alcohol testing as a condition of operating a motor vehicle on public roads can withdraw that consent if asked to give a blood or breath sample. *Missouri v. McNeely*, 133 S.Ct. 1522 (2013). The Court stressed that "wide-spread state restrictions on nonconsensual blood testing provide further support for our recognition that compelled blood draws implicate a significant privacy interest." *Id.*

It is well-settled that United States Supreme Court precedent controls and when the United States Supreme Court requires a warrant in a blood draw case, counsel should have a duty to object to blood evidence obtained without a warrant. To fail to do so is deficient performance, especially in a case where the evidence indicates Appellant was almost four times the legal level for intoxication and there is a dispute as to whether he was intoxicated at the time the alleged offense was committed. Because this Court held to the contrary, and for the foregoing reasons rehearing should be granted.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Appellant respectfully requests that this Court grant rehearing in this case.

Respectfully submitted,

/s/ Kristen Jernigan

**KRISTEN JERNIGAN**
State Bar Number 90001898
207 S. Austin Ave.
Georgetown, Texas
(512) 904-0123
(512) 931-3650 (fax)
Kristen@txcrimapp.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Appellant's Motion for Rehearing was mailed to Bob Odom at the Bell County District Attorney's Office, 1200 Huey Road, Belton, Texas 76513, on October 27, 2015.

/s/ Kristen Jernigan

Kristen Jernigan

7

No. 03-13-00494-CR

In the
COURT OF APPEALS
For the
THIRD SUPREME JUDICIAL DISTRICT
at Austin

On Appeal from the 264th Judicial District Court of
Bell County, Texas
Cause Number 68431

EUGENE KELLY WOLFENBERGER, Appellant
*v.*
THE STATE OF TEXAS, Appellee

APPELLANT'S MOTION FOR RECONSIDERATION EN BANC[1]

*Background*

On July 12, 2013, a jury found Appellant guilty of the offense of intoxication manslaughter and assessed Appellant's punishment at twenty years in prison and a $10,000.00 fine. Appellant timely filed Notice of Appeal and on October 23, 2015, this Court affirmed Appellant's conviction in a memorandum opinion. *Wolfenberger v. State*, No. 03-13-00494-CR (Tex. App.—Austin, delivered October 23, 2015).

---

[1] Simultaneous with this filing, Appellant has also filed a Motion for Rehearing in light of Texas Rule of Appellate Procedure 49.1 and *Franks v. State*, 97 S.W.3d 584, 584 (Tex. Crim. App. 2003).

1

## Grounds for Reconsideration

On appeal, Appellant argued that Appellant received ineffective assistance of counsel when trial counsel failed to move to suppress the results of a blood draw taken pursuant to Texas's now invalidated implied consent mandatory blood draw statute. Specifically, Appellant's blood was taken without a warrant in violation of *Missouri v. McNeely*, 133 S.Ct. 1522 (2013), and his attorneys failed to object on that basis. Despite the fact that the *McNeely* case, which held that Texas's implied consent statute did not provide an exception to the Supreme Court's long-held requirement that a warrant be obtained to draw a suspect's blood, was released more than two months prior to trial, and was binding Supreme Court's precedent, trial counsel made no effort to suppress the results of the blood draw.

Reconsideration should be granted because this Court absolved trial counsel's deficient performance by failing to recognize the authority of the United States Supreme Court in analyzing its own precedent and instead, ruled that the Texas Court of Criminal Appeals decisions analyzing United States Supreme Court precedent should control.

**Ineffective Assistance of Counsel**

As discussed above, on Appeal, Appellant argued that he received ineffective assistance of counsel[2] when trial counsel failed to move to suppress the results of the mandatory blood draw in this case pursuant to the United States Supreme Court's holding in *Missouri v. McNeely*, 133 S.Ct. 1522 (2013).

On April 17, 2013, the United States Supreme Court issued an opinion in *Missouri v. McNeely*, 133 S.Ct. 1522 (2013), holding that "In those drunk-driving investigations where police officers can reasonably obtain a warrant before a blood sample can be drawn without significantly undermining the efficacy of the search, the Fourth Amendment mandates that they do so." *Id.* In so holding, the Court rejected a *per se* rule that the dissipation of alcohol in the blood stream creates an exigency which absolves the State of the duty to obtain a warrant before taking a suspect's blood. *Id.* In fact, the Court recognized its long-standing directive that exigency be determined on the totality of the circumstances and cited its opinion in *Schmerber v. California*, 384 U.S. 757 (1966). Despite the fact that Appellant's trial occurred more than two months after the *McNeely* decision, trial counsel made

---

[2] As this Court is aware, to prevail on a claim of ineffective assistance of counsel, Appellant must show that (1) trial counsel's representation was deficient in that it fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced Appellant so that there is a reasonable probability that the result of the proceeding would have been different but for the deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

3

no attempt to move to suppress evidence of Appellant's blood alcohol content of .30 and trial counsel made no objection to that evidence.

This Court absolved trial counsel of any duty to file a motion to suppress or object to evidence of Appellant's blood alcohol content because "The law on mandatory blood draws and implied consent was not settled when trial counsel presented appellant's case" and stated further in a foot note that:

> Trial commenced on July 8, 2013, more than two months after the Supreme Court held that blood-alcohol dissipation is not a *per se* exigency justifying warrantless, nonconsensual blood draws in *Missouri v. McNeely*, 133 S. Ct. 1552 (2013). However, the Texas Court of Criminal Appeals did not address whether nonconsensual blood draws taken pursuant to Texas Transportation Code § 724.012 require a warrant until after appellant's trial concluded, and the court has since decided to reconsider that ruling on rehearing. *State v. Villarreal*, __ S.W.3d __, No. PD-0306-14, 2014 WL 6734178, at *8-9, 11 (Tex. Crim. App. Nov. 26, 2014) (reh'g granted). The law surrounding Texas's implied-consent and mandatory-blood-draw statutes has been unsettled since before appellant's trial.

*Wolfenberger v. State*, No. 03-13-00494-CR (Tex. App.—Austin, delivered October 23, 2015), at 7.

Interestingly, this Court acknowledges the Supreme Court's clear holding "that blood-alcohol dissipation is not a *per se* exigency justifying warrantless, nonconsensual blood draws" in *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), which would have triggered counsel's duty to object or move to suppress the

4

evidence on that basis. The Court then essentially states that it is up to the Court of Criminal Appeals to interpret the Supreme Court's holdings and until the Court of Criminal Appeals does so, the Supreme Court's holdings are not binding on counsel.

In its opinion, this Court cites two cases for the proposition that counsel's performance cannot be held to be deficient where an area of law is unsettled. *See State v. Bennett*, 415 S.W.3d 867 (Tex. Crim. App. 2013) and *Bernal v. State*, No. 02-13-00381-CR, 2014 WL 5089182 (Tex. App.—Fort Worth Oct. 9, 2014, no pet.).

In the first of those cases, the area of unsettled law was that of a State statute and its meaning as interpreted by several conflicting opinions by the Court of Criminal Appeals. *See State v. Bennett*, 415 S.W.3d at 868-869. The *Bennett* opinion in no way contemplated United States Supreme Court precedent. *See Id.*

In the second, unpublished case with no precedential value, the Fort Worth Court of Appeals held that counsel was not ineffective for failing to suppress results of a warrantless, nonconsensual blood draw under *McNeely* because "McNeely did not address directly the effect of mandatory-blood-draw or implied-consent statues on the warrant requirement," and "the import of McNeely on Texas's mandatory-blood-draw and implied-consent statutes was unsettled at the

5

time of [appellant's] trial . . ." *See Bernal*, No. 02-13-00381-CR, slip. op. at 10-12.

However, those statements are incorrect. In fact, in its opinion in the *McNeely* case, the United States Supreme Court directly addressed the various implied consent laws adopted by the fifty states and noted that a driver who has impliedly consented to blood alcohol testing as a condition of operating a motor vehicle on public roads can withdraw that consent if asked to give a blood or breath sample. *Missouri v. McNeely*, 133 S.Ct. 1522 (2013). The Court stressed that "wide-spread state restrictions on nonconsensual blood testing provide further support for our recognition that compelled blood draws implicate a significant privacy interest." *Id.*

It is well-settled that United States Supreme Court precedent controls and when the United States Supreme Court requires a warrant in a blood draw case, counsel should have a duty to object to blood evidence obtained without a warrant. To fail to do so is deficient performance, especially in a case where the evidence indicates Appellant was almost four times the legal level for intoxication and there is a dispute as to whether he was intoxicated at the time the alleged offense was committed. Because this Court held to the contrary, and for the foregoing reasons reconsideration should be granted.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Appellant respectfully requests that this Court grant reconsideration in this case.

Respectfully submitted,

/s/ Kristen Jernigan

**KRISTEN JERNIGAN**
State Bar Number 90001898
207 S. Austin Ave.
Georgetown, Texas
(512) 904-0123
(512) 931-3650 (fax)
Kristen@txcrimapp.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Appellant's Motion for Reconsideration *En Banc* was mailed to Bob Odom at the Bell County District Attorney's Office, 1200 Huey Road, Belton, Texas 76513, on October 27, 2015.

/s/ Kristen Jernigan

Kristen Jernigan

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the foregoing document consists of

1,327 words in compliance with Texas Rule of Appellate Procedure 9.4.


_____/s/ Kristen Jernigan_____
Kristen Jernigan

8