ACCEPTED
03-13-00494-CR
7674999
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/4/2015 10:23:49 AM
JEFFREY D. KYLE
CLERK

**No. 03-13-00494-CR**

In the
**COURT OF APPEALS**
For the
**THIRD SUPREME JUDICIAL DISTRICT**
at Austin

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/4/2015 10:23:49 AM
JEFFREY D. KYLE
Clerk

On Appeal from the 264th Judicial District Court of
Bell County, Texas
Cause Number 68431

**EUGENE KELLY WOLFENBERGER, Appellant**
*v.*
**THE STATE OF TEXAS, Appellee**

**APPELLANT'S MOTION FOR RECONSIDERATION EN BANC**[1]

### *Background*

On July 12, 2013, a jury found Appellant guilty of the offense of intoxication manslaughter and assessed Appellant's punishment at twenty years in prison and a $10,000.00 fine. Appellant timely filed Notice of Appeal and on October 23, 2015, this Court affirmed Appellant's conviction in a memorandum opinion. *Wolfenberger v. State*, No. 03-13-00494-CR (Tex. App.—Austin, delivered October 23, 2015).

---

[1] Simultaneous with this filing, Appellant has also filed a Motion for Rehearing in light of Texas Rule of Appellate Procedure 49.1 and *Franks v. State*, 97 S.W.3d 584, 584 (Tex. Crim. App. 2003).

1

### *Grounds for Reconsideration*

On appeal, Appellant argued that Appellant received ineffective assistance of counsel when trial counsel failed to move to suppress the results of a blood draw taken pursuant to Texas's now invalidated implied consent mandatory blood draw statute. Specifically, Appellant's blood was taken without a warrant in violation of *Missouri v. McNeely*, 133 S.Ct. 1522 (2013), and his attorneys failed to object on that basis. Despite the fact that the *McNeely* case, which held that Texas's implied consent statute did not provide an exception to the Supreme Court's long-held requirement that a warrant be obtained to draw a suspect's blood, was released more than two months prior to trial, and was binding Supreme Court's precedent, trial counsel made no effort to suppress the results of the blood draw.

Reconsideration should be granted because this Court absolved trial counsel's deficient performance by failing to recognize the authority of the United States Supreme Court in analyzing its own precedent and instead, ruled that the Texas Court of Criminal Appeals decisions analyzing United States Supreme Court precedent should control.

**Ineffective Assistance of Counsel**

As discussed above, on Appeal, Appellant argued that he received ineffective assistance of counsel[2] when trial counsel failed to move to suppress the results of the mandatory blood draw in this case pursuant to the United States Supreme Court's holding in *Missouri v. McNeely*, 133 S.Ct. 1522 (2013).

On April 17, 2013, the United States Supreme Court issued an opinion in *Missouri v. McNeely*, 133 S.Ct. 1522 (2013), holding that "In those drunk-driving investigations where police officers can reasonably obtain a warrant before a blood sample can be drawn without significantly undermining the efficacy of the search, the Fourth Amendment mandates that they do so." *Id.* In so holding, the Court rejected a *per se* rule that the dissipation of alcohol in the blood stream creates an exigency which absolves the State of the duty to obtain a warrant before taking a suspect's blood. *Id.* In fact, the Court recognized its long-standing directive that exigency be determined on the totality of the circumstances and cited its opinion in *Schmerber v. California*, 384 U.S. 757 (1966). Despite the fact that Appellant's trial occurred more than two months after the *McNeely* decision, trial counsel made

---

[2] As this Court is aware, to prevail on a claim of ineffective assistance of counsel, Appellant must show that (1) trial counsel's representation was deficient in that it fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced Appellant so that there is a reasonable probability that the result of the proceeding would have been different but for the deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

no attempt to move to suppress evidence of Appellant's blood alcohol content of .30 and trial counsel made no objection to that evidence.

This Court absolved trial counsel of any duty to file a motion to suppress or object to evidence of Appellant's blood alcohol content because "The law on mandatory blood draws and implied consent was not settled when trial counsel presented appellant's case" and stated further in a foot note that:

> Trial commenced on July 8, 2013, more than two months after the Supreme Court held that blood-alcohol dissipation is not a *per se* exigency justifying warrantless, nonconsensual blood draws in *Missouri v. McNeely*, 133 S. Ct. 1552 (2013). However, the Texas Court of Criminal Appeals did not address whether nonconsensual blood draws taken pursuant to Texas Transportation Code § 724.012 require a warrant until after appellant's trial concluded, and the court has since decided to reconsider that ruling on rehearing. *State v. Villarreal*, __ S.W.3d __, No. PD-0306-14, 2014 WL 6734178, at *8-9, 11 (Tex. Crim. App. Nov. 26, 2014) (reh'g granted). The law surrounding Texas's implied-consent and mandatory-blood-draw statutes has been unsettled since before appellant's trial.

*Wolfenberger v. State*, No. 03-13-00494-CR (Tex. App.—Austin, delivered October 23, 2015), at 7.

Interestingly, this Court acknowledges the Supreme Court's clear holding "that blood-alcohol dissipation is not a *per se* exigency justifying warrantless, nonconsensual blood draws" in *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), which would have triggered counsel's duty to object or move to suppress the

4

evidence on that basis. The Court then essentially states that it is up to the Court of Criminal Appeals to interpret the Supreme Court's holdings and until the Court of Criminal Appeals does so, the Supreme Court's holdings are not binding on counsel.

In its opinion, this Court cites two cases for the proposition that counsel's performance cannot be held to be deficient where an area of law is unsettled. *See State v. Bennett*, 415 S.W.3d 867 (Tex. Crim. App. 2013) and *Bernal v. State*, No. 02-13-00381-CR, 2014 WL 5089182 (Tex. App.—Fort Worth Oct. 9, 2014, no pet.).

In the first of those cases, the area of unsettled law was that of a State statute and its meaning as interpreted by several conflicting opinions by the Court of Criminal Appeals. *See State v. Bennett*, 415 S.W.3d at 868-869. The *Bennett* opinion in no way contemplated United States Supreme Court precedent. *See Id*.

In the second, unpublished case with no precedential value, the Fort Worth Court of Appeals held that counsel was not ineffective for failing to suppress results of a warrantless, nonconsensual blood draw under *McNeely* because "McNeely did not address directly the effect of mandatory-blood-draw or implied-consent statues on the warrant requirement," and "the import of McNeely on Texas's mandatory-blood-draw and implied-consent statutes was unsettled at the

time of [appellant's] trial . . ." *See Bernal*, No. 02-13-00381-CR, slip. op. at 10-12.

However, those statements are incorrect. In fact, in its opinion in the *McNeely* case, the United States Supreme Court directly addressed the various implied consent laws adopted by the fifty states and noted that a driver who has impliedly consented to blood alcohol testing as a condition of operating a motor vehicle on public roads can withdraw that consent if asked to give a blood or breath sample. *Missouri v. McNeely*, 133 S.Ct. 1522 (2013). The Court stressed that "wide-spread state restrictions on nonconsensual blood testing provide further support for our recognition that compelled blood draws implicate a significant privacy interest." *Id*.

It is well-settled that United States Supreme Court precedent controls and when the United States Supreme Court requires a warrant in a blood draw case, counsel should have a duty to object to blood evidence obtained without a warrant. To fail to do so is deficient performance, especially in a case where the evidence indicates Appellant was almost four times the legal level for intoxication and there is a dispute as to whether he was intoxicated at the time the alleged offense was committed. Because this Court held to the contrary, and for the foregoing reasons reconsideration should be granted.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Appellant respectfully requests that this Court grant reconsideration in this case.

Respectfully submitted,

/s/ Kristen Jernigan

**KRISTEN JERNIGAN**
State Bar Number 90001898
207 S. Austin Ave.
Georgetown, Texas
(512) 904-0123
(512) 931-3650 (fax)
Kristen@txcrimapp.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Appellant's Motion for Reconsideration *En Banc* was mailed to Bob Odom at the Bell County District Attorney's Office, 1200 Huey Road, Belton, Texas 76513, on October 27, 2015.

/s/ Kristen Jernigan

Kristen Jernigan

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the foregoing document consists of 1,433 words in compliance with Texas Rule of Appellate Procedure 9.4.

_____/s/ Kristen Jernigan_____
Kristen Jernigan

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the foregoing document consists of 1,327 words in compliance with Texas Rule of Appellate Procedure 9.4.

_____/s/ Kristen Jernigan_____
Kristen Jernigan