

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-83,458-01 & -02

### EX PARTE DARREN LEWIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. 1431657-A & -B IN THE 184ᵀᴴ DISTRICT COURT
### FROM HARRIS COUNTY

**KEASLER, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

Darren Lewis pleaded guilty to obtaining a controlled substance "through the use of a fraudulent prescription form" and was sentenced to five years' imprisonment.[1]  However, Lewis's lawyer never told him that, under our opinion in *Avery v. State*,[2] the prosecution would be unable to meet its burden to prove this offense as alleged.  We hold that Lewis's plea was invalid, given upon deficient advice.

---

[1]  *See* TEX. HEALTH & SAFETY CODE § 481.129(a)(5)(B) (hereinafter Section 481.129(a)(5)(B)).

[2]  359 S.W.3d 230 (Tex. Crim. App. 2012).

## I. FACTS AND PROCEDURAL POSTURE

Lewis was charged by felony indictment with obtaining a controlled substance through the use of a fraudulent prescription form, "made without the authority and falsely purporting to be the prescription of a doctor LOUIS E. WARFIELD."[3]  In support of this charge, a Houston Police Officer submitted a probable cause affidavit in which he stated that he had spoken to Warfield and found Warfield to be a credible and reliable person. According to the affidavit, Warfield, a physician's assistant, conveyed to the officer that he never prescribed any substances to Lewis.  The State's theory of the case apparently was that Lewis hand-wrote a false prescription on a clinical form bearing Warfield's name.  Lewis ultimately pleaded guilty under a plea bargain in which the State abandoned two enhancement paragraphs and recommended a sentence of five years.

Some time after the plea, the State learned that the Texas Physician Assistant Board had investigated and filed a complaint against Warfield with the State Office of Administrative Hearings.  In the complaint, the Board alleged that Warfield violated the Physician Assistants Act by prescribing controlled substances without following proper procedures, monitoring, or documentation.  The Board found that Warfield had engaged in malfeasance in prescribing controlled substances, required him to surrender his controlled substances certificates, and prohibited him from treating patients with chronic pain.

---

[3]  Indictment, *State of Texas vs. Darren D. Lewis*, No. 1431657 (184th Dist. Ct., Harris County, Tex. Jul 28, 2014).

Six months after he was sentenced, the State notified Lewis that Warfield had serious credibility issues which may have undermined the State's case. Lewis filed a habeas corpus application alleging that his plea was involuntary because it was induced by the State's unwitting sponsorship of "false" evidence—presumably the specter of Warfield's potential trial testimony. Lewis sought to withdraw his prior plea. In its response, the State conceded that it would not have pursued the case had it been aware of Warfield's faults as a witness. The State agreed with Lewis that relief was merited. In light of this concession by the State, the habeas judge initially recommended that we grant Lewis relief.

Lewis has since filed a supplemental habeas corpus application alleging that his guilty plea was also involuntary due to the ineffective assistance of his plea counsel. Lewis argues that plea counsel was ineffective because she failed to explain two valid defenses which may have affected his decision to plea. Among other things, Lewis faults counsel for failing to explain that, under *Avery v. State*, the State would be required to prove that the prescription form itself was fraudulent, and not simply forged[4]—and that the State's evidence would fail to prove this esoteric yet crucial fact.

In its findings of fact and conclusions of law as to this supplemental application, the habeas judge finds that (1) the prescription form was not "fraudulent" under Section 481.129(a)(5)(B) and in light of *Avery v. State*; (2) Lewis was unaware "that the State was required to prove that he had used a fraudulent prescription form"; (3) Lewis "would not

---

[4] *Avery*, 359 S.W.3d at 239.

have pled guilty, but would instead have insisted on a jury trial" had he known of the State's inability to make its case; and (4) plea counsel was unaware of *Avery* at the time she represented Lewis.[5] Based on these findings, the habeas judge recommends we grant relief on Lewis's supplemental ground as well.

We initially filed and set Lewis's original habeas application to determine, in light of *Ex parte Mable* and its progeny,[6] whether Lewis's inadvertent ignorance of impeachment evidence against a key State's witness left him so "crucial[ly]" misinformed as to render his guilty plea involuntary.[7] However, based on our resolution of Lewis's claim of ineffective assistance of counsel, we need not reach that issue in this opinion. We turn now to Lewis's claim of ineffective assistance of counsel.

## II. ANALYSIS

Section 481.129(a)(5)(B) proscribes "knowingly . . . possess[ing], obtain[ing], or attempt[ing] to possess or obtain a controlled substance or an increased quantity of a controlled substance . . . through use of a fraudulent prescription form."[8] In *Avery*, the

---

[5] Findings of Fact, Conclusions of Law, Recommendation of Relief and Order, *Ex parte Darren D. Lewis*, No. 1431657-B (184th Dist. Ct., Harris County, Tex. Nov. 9, 2016).

[6] 443 S.W.3d 129 (Tex. Crim. App. 2014); *see also Ex parte Palmberg*, 491 S.W.3d 804 (Tex. Crim. App. 2016); *Ex parte Broussard*, 517 S.W.3d 814 (Tex. Crim. App. 2017).

[7] *See Mable*, 443 S.W.3d at 131.

[8] TEX. HEALTH & SAFETY CODE § 481.129(a)(5)(B).

defendant was convicted under this provision of "attempting to obtain a controlled substance 'through use of a fraudulent prescription form.'"[9] The facts, however, showed no more than that she "attempted to scribble out" the handwritten numbers on an otherwise valid pre-printed prescription form in order to deceitfully increase her dosage.[10] In holding the State's evidence to be insufficient to support her conviction, we clarified that, under Section 481.129(a)(5)(B), "[t]he information that is written *on* the form is not the form itself."[11] Instead, "prescription form," as that term is used in Section 481.129(a)(5)(B), should be understood to mean the "pre-printed form designed to have prescription information written on it."[12] If the State indicts under this particular statutory provision, it should be prepared to adduce evidence that the defendant presented a "fraudulent" form as such—not simply that the defendant committed "fraud" by interlineating upon an otherwise legitimate form.[13]

Lewis alleges, the State concedes, and the trial court finds that the State would not have been able to meet this burden on the evidence it intended to adduce in Lewis's case.

---

[9] *Avery*, 359 S.W.3d at 232 (citing TEX. HEALTH & SAFETY CODE § 481.129(a)(5)(B)).

[10] *Id.*

[11] *Id.* at 238 (emphasis in original).

[12] *Id.*

[13] *But see* TEX. HEALTH & SAFETY CODE § 481.129(a)(5)(A) ("A person commits an offense if the person knowingly . . . possesses, obtains, or attempts to possess or obtain a controlled substance or an increased quantity of a controlled substance . . . by misrepresentation, fraud, forgery, deception, or subterfuge[.]").

Accordingly, Lewis insists that, had plea counsel explained the State's burden under Section 481.129(a)(5)(B) as understood through *Avery*, he would not have pleaded guilty but would have insisted on a trial.

## A. Deficient Performance

A habeas applicant is entitled to relief on a *Strickland* claim of ineffective assistance of counsel only if he can demonstrate by a preponderance of the evidence that (1) counsel's performance was deficient and (2) he was prejudiced as a result.[14] As to the first of these showings, we have said that counsel should enjoy a "strong presumption" that her "conduct fell within the wide range of reasonable professional assistance."[15] So when "a legal proposition or a strategic course of conduct is one on which reasonable lawyers could disagree, 'an error that occurs despite the lawyer's informed judgment should not be gauged by hindsight or second-guessed.'"[16]

However, we have also said that "[t]o be reasonably likely to render reasonably effective assistance to his client, a lawyer must be sufficiently abreast of developments in criminal law aspects implicated in the case at hand."[17] This is because the Sixth Amendment

---

[14] *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016).

[15] *Ex parte Chandler*, 182 S.W.3d 350, 354 (Tex. Crim. App. 2005) (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)).

[16] *Id.* (quoting 3 Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* § 18.17 at 59 (5th ed. 2000)).

[17] *Ex parte Williams*, 753 S.W.2d 695, 698 (Tex. Crim. App. 1988).

at a minimum "guarantees an accused the benefit of trial counsel who is familiar with the applicable law."[18] As a consequence, "[i]gnorance of well-defined general laws, statutes and legal propositions is not excusable and . . . may," if it inures to the client's prejudice, "lead to a finding of constitutionally [ineffective] assistance of counsel."[19] Finally, in recognition of the fact that "a bar card does not come with a crystal ball," we have admonished that, for counsel's conduct to be deficient on this basis, "the specific legal proposition" the client faults counsel for failing to assert must be "well considered and clearly defined."[20]

In a responsive affidavit, plea counsel admits that she was "unaware" of *Avery v. State* when she represented Lewis and did not discuss the case with him.[21] She claims, however, that she discerned independently of *Avery* that the State could not prove the particular allegation in the indictment pertaining to a fraudulent prescription "form," and that she advised Lewis accordingly. She states that she cautioned Lewis that if he insisted on a trial, the State "may realize the error" in its indictment and seek to correct it.[22] According to plea counsel, Lewis knowingly chose to accept the State's offer to plead guilty to a 5-year

---

[18] *State v. Bennett*, 415 S.W.3d 867, 879 (Tex. Crim. App. 2013) (Price, J., dissenting).

[19] *Chandler*, 182 S.W.3d at 358.

[20] *Id.* at 358-59 (quoting Mallen & Smith, *supra* n.3, § 18.4 at 8).

[21] Affidavit of Plea Counsel, *Ex parte Darren D. Lewis*, No. 1431657-B (184th Dist. Ct., Harris County, Tex. Oct. 20, 2016).

[22] *Id.*

sentence to avoid the near-certainty of a habitual sentence should he be found guilty at trial.

Lewis disagrees. He claims to have been "totally unaware" that the State would ultimately have to prove, and would certainly fail to prove, the use of a fraudulent form in his case.[23] He also claims that plea counsel did not discuss the risk of an amended indictment or re-indictment had she raised this defense in court.[24] Finally, he reasserts that had counsel discussed any of these matters with him, he would not have pleaded guilty and would have insisted on a trial.

In its findings of fact and conclusions of law, the habeas judge found Lewis credible when he said "that he was unaware that the State was required to prove that he had used a fraudulent prescription form, or that the prescription form that the State alleged[] that he used was not fraudulent."[25] While the habeas judge avoided any explicit finding or conclusion that plea counsel was deficient in this regard, this finding is inconsistent with counsel's statement that she advised Lewis, without the benefit of *Avery*, that the State might nevertheless fail to prove the use of fraudulent prescription "form" in his case. The judge found that had Lewis been informed that the State was required by *Avery* to prove that the form itself was fraudulent, he would not have pleaded guilty and would have insisted on a trial.

---

[23] Supplemental Affidavit of Darren D. Lewis, *Ex parte Darren D. Lewis*, No. 1431657-B (184th Dist. Ct., Harris County, Tex. Nov. 3, 2016).

[24] *See id.*

[25] Findings of Fact, Conclusions of Law, Recommendation of Relief and Order, *Ex parte Darren D. Lewis*, No. 1431657-B (184th Dist. Ct., Harris County, Tex. Nov. 9, 2016).

Because the habeas judge's findings are supported by the record, we give them near total deference.[26] And with the above facts and findings in mind, we hold that plea counsel's performance was deficient. By her own admission, plea counsel did not advise Lewis—indeed, was not aware herself—of the implications of *Avery v. State*. Given the facts making up the State's case against him, Lewis cannot be said to have received advice that falls "within the wide range of reasonable professional assistance" if he was advised to plead guilty without first being told that well-settled caselaw precluded his conviction to the charge as then alleged.[27] A reasonably competent lawyer, knowing of *Avery* and its application to Lewis's case, would surely at least have alerted Lewis to its existence so that he would better understand the relative costs and benefits of pleading guilty.

To her credit, plea counsel claims to have advised Lewis of a defense to the charge that was in the same vein as *Avery*. And although the trial court's findings seem to discredit this assertion *sub silentio*, we are willing to assume *arguendo* that counsel's recollection is accurate. Nevertheless, there is a marked difference between, on the one hand, advising the client of his option to advance (what plea counsel considered to be) a novel legal argument that may or may not prevail and, on the other hand, advising the client of black-letter law that would guarantee his victory in court. This is not a situation, in other words, in which we find error in counsel's failure to advance an argument that rests upon tenuous or even "unsettled"

---

[26] *See State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013).

[27] *Chandler*, 182 S.W.3d at 354.

legal footing.[28] *Avery* was decided over two and a half years prior to Lewis's plea. Its import to Lewis's case was "well considered and clearly defined."[29]

We do not mean to suggest that, in light of *Avery*, the only competent course of action for counsel was to advise Lewis to proceed all the way to trial. Surely some—and perhaps many—defendants in Lewis's position would prefer the certainty of a 5-year sentence on an inaccurate charge to the possibility of a habitual sentence on an accurate one. But in order to fully understand what he would forfeit by pleading guilty, Lewis should have been made aware of beneficial law directly germane to his case. Prior to pleading guilty to a faulty indictment, Lewis needed to know that, should the State fail to recognize its error, he held not merely a playable hand, but a winning one. For this, he needed no more than what the Sixth Amendment already requires: "trial counsel who is familiar with the applicable law."[30] Because plea counsel failed to keep "sufficiently abreast of developments in criminal law aspects implicated in the case at hand," and because this failure kept her from accurately advising Lewis as to the strength of any putative defense to the charge, her performance was constitutionally deficient.[31]

## B. Prejudice

---

[28] *Bennett*, 415 S.W.3d at 869 ("[W]e have repeatedly declined to find counsel ineffective for failing to take specific action on an unsettled issue.").

[29] *Chandler*, 182 S.W.3d at 358.

[30] *Bennett*, 415 S.W.3d at 879 (Price, J., dissenting).

[31] *Williams*, 753 S.W.2d at 698.

The prejudice prong of *Strickland* ordinarily requires a habeas applicant to show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[32]  However, in the guilty-plea context, this amounts to no more than a showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on a trial."[33]  The habeas judge found that "if it had been explained to [Lewis] that the allegations in the indictment against him, alleging use of a fraudulent prescription form, could not have been proven, he would not have pled guilty, but would instead have insisted on a jury trial."  Lewis's affidavit in support of the supplement to his habeas application supports this finding.  We adopt the habeas judge's finding and conclude that Lewis has demonstrated prejudice.

### III.  CONCLUSION

Because Lewis demonstrated that his plea counsel did not have an adequate command of the law applicable to his case, he cannot be said to have received objectively reasonable advice.  And because the deficiency in his representation prejudiced him, he is entitled to relief.

Relief is granted.  The judgment of conviction in Cause No. 1431657 in the 184th District Court of Harris County, Texas is set aside.  Lewis, if he is otherwise in custody, is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in

---

[32]  *Strickland*, 466 U.S. at 694.

[33]  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues. The claims raised in Lewis's original habeas application, filed under No. WR-83,458-01, are dismissed as moot.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice—Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 27, 2017
Publish