

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-95,378-01

### EX PARTE FELIX DELACRUZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. DCR-5914-19A IN THE 154TH DISTRICT COURT
### FROM LAMB COUNTY

KEEL, J., filed a dissenting opinion in which KELLER, P.J., and YEARY and SLAUGHTER, JJ., joined.

### DISSENTING OPINION

Here we have an involuntary plea claim based on ineffective assistance of counsel (IAC). Applicant says he would not have pled guilty but for his attorney's bad advice about parole. The habeas court found against Applicant on his but-for claim, and that finding is supported by the record, so I would defer to it. Since the Court does not, I respectfully dissent.

## I. Background

Applicant repeatedly had sex with his 11-year-old stepdaughter and eventually impregnated her. Two years after giving birth, she revealed that he was the father of her baby. DNA paternity testing confirmed the revelation with greater than 99% certainty. When a Texas Ranger questioned him in a recorded interview about the reported sexual abuse, Applicant suggested that the victim might have forced herself on him while he was in a diabetic coma.

Applicant was charged with continuous sexual abuse of a child. The punishment range was 25 to 99 years or life. The prosecution first offered 60 years for a guilty plea but reduced the offer to 40 years. Applicant's attorney twice told him that he would be eligible for parole after serving half the sentence. Applicant accepted the 40-year offer. Afterward, the attorney realized that there was no parole eligibility for continuous sexual abuse of a child, and Applicant told him that he would not have pled guilty if he had known there was no parole, a claim he reiterates in habeas. The habeas court rejected the claim; "Applicant does not sufficiently prove the error made by trial counsel would have changed his decision to plead guilty, had the erroneous advice not been given him."

## II.  IAC and Involuntary Plea

To succeed on an IAC claim, a defendant must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice means a reasonable probability of a different outcome and depends on the totality of the evidence. *Id.* at 695. For an involuntary-plea claim based on IAC, prejudice depends on the effect of the deficient performance on the decision to plead guilty. *Ex parte Barnaby*, 475

S.W.3d 316, 324-25 (Tex. Crim. App. 2015) (per curiam) (equating the prejudice standard with the materiality standard for false evidence).   "[A] plea is not involuntary simply because a defendant does not correctly assess every relevant factor entering into his or her decision."   *Id.* at 323.   Rather, the whole record must be examined.   *Id.*

The claimant must show that rejecting the plea bargain "would have been rational under the circumstances."   *Ex parte Torres*, 483 S.W.3d 35, 48 (Tex. Crim. App. 2016) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).   The rationality of rejecting the plea bargain will largely depend on predictions about the likely outcome of trial and the relative risks and benefits of accepting the plea offer.   *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (noting that prejudice will turn on predictions about the likely outcome of trial if there had been no deficient performance); *Torres*, 483 S.W.3d at 48 (noting that relative risks and benefits must be examined).

For example, Torres's claim that he would have insisted on trial if he had been correctly advised about immigration consequences was unsupported because such insistence would not have been rational.   *Torres*, 483 S.W.3d at 51.   The State had a strong case against him for two felonies, Torres suggested no possible defense to either charge, his bargain called for no jail time and yielded a dismissal of other charges, a conviction at trial would have carried the same immigration consequences as the guilty plea did, and immigration consequences were unimportant to him.   *Torres*, 483 S.W.3d at 50-51.   For similar reasons, Barnaby's claim that he would have insisted on trial was unsupported even though the lab results in his drug case were presumptively false.

*Barnaby*, 475 S.W.3d at 327. He faced multiple drug charges untainted by any such results, his other cases might have imposed more onerous parole-eligibility requirements on him, and sentences in those cases could have been stacked after a trial. *Barnaby*, 475 S.W.3d at 326.

But insistence on trial may be rational in light of a plausible but unexplored affirmative defense. *Ex parte Imoudu*, 284 S.W.3d 866, 870 (Tex. Crim. App. 2009). And it may be rational considering a fatal pleading error made by a seemingly unaware prosecutor. *Ex parte Lewis*, 537 S.W.3d 917, 922 (Tex. Crim. App. 2017). Insistence on trial may also be rational depending on the defendant's priorities. *Ex parte Aguilar*, 537 S.W.3d 122, 129 (Tex. Crim. App. 2017) (upholding finding of but-for insistence on trial where immigration consequences were supremely important to Aguilar, and he believed his defense attorney was advising him in accord with an immigration attorney's advice).

In *Ex parte Moussazadeh*, 361 S.W.3d 684, 692 (Tex. Crim. App. 2012), we cited only Moussazadeh's habeas affidavit when we credited his claim that he would have insisted on trial but for his attorney's bad advice about his parole eligibility. But there was more to the record than that, and it supported our conclusion.

Moussazadeh was a juvenile offender charged with a capital murder in which he was the lookout, not the gunman, and he cooperated with the prosecution of one of his co-defendants; the record suggested that parole eligibility was key to his decision to plead

guilty; and the advice he got veered from the law's requirements.[1]   *Id.* at 687-88.   So even if the *Moussazadeh* opinion found prejudice based solely on the habeas affidavit, the whole record supported the finding.

## III.   Analysis

The record here is conflicting; it supports either a negative or affirmative finding on Applicant's claim he would have insisted on trial.

On the one hand, Applicant asked his attorney twice about parole, and his attorney's advice about it was off base—he told him he would be eligible after serving half his time when in fact he would never be eligible; so Applicant was misadvised about an important matter.   On the other hand, conviction was likely given the DNA test, Applicant suggests no defensive strategy, and he points to nothing that would have helped him beat the State's 40-year offer.   On the contrary, his suggestion that he was victimized by his stepdaughter's predations risked alienating a jury.

Thus, although it has competing elements, the record here supports the habeas court's negative finding on Applicant's claim that he would have insisted on trial.   We

---

1   Tex. Code Crim. Proc. Articles 42.12 3g (community supervision) and 42.18 (parole) were amended 11 days prior to the murder.   Moussazadeh's attorney told him the pre-amendment rules.   This was the result:

| Parole eligibility | Murder; life sentence | Capital murder; life sentence |
|---|---|---|
| What he was told | With deadly weapon finding — 15 years flat; Without deadly weapon — consideration of good conduct time to get to 15 years | 35 years flat |
| What was required | 30 years flat regardless of deadly weapon finding | 40 years flat |

The relevant parts of both articles were amended by the same act.   Act of June 19, 1993, 73rd Leg., R.S., ch. 900, §§4.01, 6.01 1993 Tex. Gen. Laws 3716-17, 3761.   Both articles have since been repealed (Art. 42.18 repealed 1997; Art. 42.12 repealed 2017).

should defer to that finding.   *See Ex parte Weinstein*, 421 S.W.3d 656, 664 (Tex. Crim. App. 2014).   Since the Court instead rejects it, I respectfully dissent.


Filed: April 17, 2024

Publish